504 So.2d 529 (1987)
In re the Matter of W.A.N., III, a/K/a B.N., Appellant,
v.
The SCHOOL BOARD OF POLK COUNTY, Florida, Appellee.
No. 86-2401.
District Court of Appeal of Florida, Second District.
March 27, 1987.
John W. Frost, II, and David C. Lockwood of Frost & Purcell, P.A., Bartow, for appellant.
C.A. Boswell, Jr., and Donald H. Wilson, Jr., Bartow, for appellee.
FRANK, Judge.
The instant proceeding involves a juvenile, W.A.N., who engaged in improper conduct on public school grounds resulting in the invocation by the School Board of Polk County of its disciplinary power. The sole question we find significant and determine in disposing of this matter is whether the School Board complied with its rules and the applicable Florida Statutes prior to the imposition of discipline. There is no need to pass upon the remaining four issues presented by W.A.N. In reaching our conclusion in this matter it is also unnecessary to detail the subsidiary facts associated *530 with W.A.N.'s behavior. It is adequate for our purpose simply to note that the principal of the Bartow High School deemed the particular, undisputed, event a "major infraction" of the School Board's Code of Conduct. Following consideration by the Discipline Review Committee, it affirmed the principal's action removing W.A.N. from the Bartow High School and placing him in a separate facility known as the Polk Schools Opportunity Center (PSOC) for a minimum of ten days. W.A.N.'s parents were not asked to participate in the disciplinary problem in advance of the principal's decision to place W.A.N. in the PSOC. Thereafter, an administrative proceeding was conducted before a hearing officer appointed by the School Board who sustained the recommendation that W.A.N. be transferred to the PSOC. The School Board adopted the hearing officer's recommendation and W.A.N. filed a notice of appeal to procure review by this court.
Although the documents generated before the School Board and in the related administrative proceedings do not refer to W.A.N.'s relocation to PSOC as a suspension, but as a "transfer," we are persuaded that any distinction between the terms is meaningless in the light of section 228.041(25), Florida Statutes  a suspension "is the temporary removal of a student from his regular school program for a period not to exceed 10 school days." The fact of and the consequences flowing from W.A.N.'s transfer to the PSOC disclose all of the definitional elements associated with a statutory suspension. The Code of Conduct in effect within the Polk County school system leaves no question that the placement of W.A.N. in the PSOC removed him "from his regular school program":
If it is determined that a student is to be suspended or assigned to PSOC, he/she will not be allowed to participate in any extracurricular activity, club meeting, sports event, graduation night, graduation practice, drama performance, band function, etc., from that time until such suspension or assignment is terminated and the student returns to the regular school on the next scheduled school day during the current school year.
Thus, having concluded that W.A.N. was suspended  not merely transferred  we pass to the statute regulating the suspension of students from public schools. Section 232.26(1)(b), Florida Statutes, provides in pertinent part as follows:
The principal or his designated representative may suspend a student only in accordance with the rules of the district school board; and each suspension shall be reported in writing within 24 hours, with the reasons therefor, to the student's parent or guardian and to the superintendent. A good faith effort shall be made by the principal to employ parental assistance or other alternative measures prior to suspension, except in the case of emergency or disruptive conditions which require immediate suspension or in the case of a serious breach of conduct as defined by the rules of the district school board. Such rules shall require oral or written notice to the student of the charges against him and, if he denies the charges, an explanation to him of the evidence against him and an opportunity for him to present his side of the story.
There is no dispute that the effective moment of W.A.N.'s suspension from the Bartow High School occurred well before a parent was notified that a problem existed. Thus, there was a substantial departure from the procedural steps required by section 232.26(1)(b). By ignoring the prescriptions contained in section 232.26(1)(b), the principal and the School Board sidestepped the salutary purpose of seeking to achieve the correction of errant behavior through parental involvement and possibly avoiding the burden and stigma of suspension from the regular school program. Our opinion and the result we have come to are not in any degree to be taken to suggest, let alone mean, that we disagree with disciplining W.A.N.. The school authorities are certainly empowered to impose appropriate discipline upon W.A.N. We simply emphasize that when such discipline is imposed that it be done in a manner consistent with adopted rules and the relevant statutory scheme.
*531 Accordingly, based upon the foregoing, we reverse and vacate the School Board's order dated September 23, 1986.
SCHEB, A.C.J., and RYDER, J., concur.