518 So.2d 1331 (1987)
Jannine WALTER, Appellant,
v.
SCHOOL BOARD OF INDIAN RIVER COUNTY, Florida, Appellee.
No. 87-2131.
District Court of Appeal of Florida, Fourth District.
December 23, 1987.
Rehearing Denied February 17, 1988.
Wayne R. McDonough of Saliba & McDonough, P.A., Vero Beach, for appellant.
G. Russell Peterson of G. Russell Petersen, P.A., Vero Beach, for appellee.
*1332 GLICKSTEIN, Judge.
This is an appeal of a final administrative order by the School Board of Indian River County, expelling appellant from school for possession of marijuana. We affirm.
On March 5, 1987, Gregory Pearsaul, the principal of Sebastian River Middle/Junior High School in Sebastian, Florida, was notified by a teacher that a student had reported to her that appellant, a ninth grader, had a cigarette in the restroom and that appellant had told other students that it was a marijuana cigarette. The student who reported the incident to the teacher told her that the cigarette would be in the possession of one of three students. The principal, along with assistant principal Frances Adams, proceeded to investigate the reported incident. Mr. Pearsaul spoke with one of the students, who emptied her purse for the principal to examine its contents. She did not have the cigarette in her possession. This student told the principal that the cigarette was either with appellant or with another student. The principal and assistant principal went to the classroom where these two girls were. While the principal escorted the other student to his office, the assistant principal escorted appellant. As they walked to the office, appellant expressed an interest in knowing where she was going. The assistant principal asked whether she "had something that she shouldn't in school today." Appellant responded that another student had given her something to hold. The assistant principal asked appellant what the object was and appellant responded that it was marijuana. The student then produced the joint from her purse and gave it to the assistant principal, who later testified at the hearing held before the Indian River County School Board that she was familiar with marijuana and that in her opinion the object in appellant's possession was a marijuana joint. The assistant principal notified the principal as to what she had found. The principal saw the object and recognized that it was marijuana. Appellant's mother was contacted at work and asked to come to the school.
Upon arrival at the school, Mrs. Walter was advised that the principal was going to suspend appellant from school for ten (10) days and recommend that there be an expulsion hearing. The principal then completed a "Suspension Notice with Recommendation of Expulsion" stating as grounds for appellant's expulsion that he found what appeared to be a marijuana joint in her possession. By letter, the principal requested the Indian River County School Board to expel appellant from the school system.
On March 26, 1987, an evidentiary hearing in regard to the recommended expulsion of appellant from school was held before a school board hearing officer. The appellant was represented by counsel at said hearing. At the conclusion of the hearing, the school board hearing officer stated that she found that there was a violation of Indian River County School Board rule 6GX31-5.22 as there was "possession" and that she would recommend to the School Board that appellant be expelled. The hearing officer stated "our alternative programs at present as they now exist are for educational deficiencies and not disruptive students" and therefore no such program was available for appellant.
The School Board met on April 14, 1987, and considered the hearing officer's recommendation. After hearing argument from appellant's counsel and testimony of the school superintendent, the board ordered the appellant expelled for the remainder of the 1986-87 school year. This appeal was taken from the Indian River County School Board's Findings of Fact, Conclusions of Law, Recommendations and Final Order dated April 14, 1987. There are two points on appeal.
The first point is whether the School Board erred in expelling the minor student in that there was an absence of competent, substantial evidence to support the findings of fact, conclusions of law, and final order of expulsion. The second point is whether the School Board erred in expelling *1333 the minor student and denying any and all type of public education during the period of expulsion. We conclude the School Board did not err on either point.
Appellant argues that the School Board erred in expelling her as (1) she was charged with being in possession of "what appeared to be" a marijuana cigarette which she contends is not prohibited by any of the applicable school rules and (2) there was a lack of competent, substantial evidence introduced at the March 26, 1987, hearing to substantiate the School Board's findings that appellant was in possession of marijuana.
A review of the charging documents in the instant case shows that the Suspension Notice with Recommendation of Expulsion states the following:
Your child has been involved in infractions of school regulations of such a serious nature that expulsion from school is recommended. The specific nature of these infractions is as follows:
Found what appeared to be a marijuana joint in her possession.
The Notice of Fact-Finding Hearing and Statement of Charges states the following:
The charges are as follows:
That on or about the 5th day of March, 1987, on the campus of the Sebastian River Middle-Junior High School in Indian River County, Florida, Jannine Walter an enrolled student at Sebastian River Middle-Junior High School was found to be in possession of what appeared to be a marijuana cigarette
(Underlining represents blanks on form that school authorities had filled in.)
According to appellant the act of being in possession of what appeared to be a marijuana cigarette is not violative of any of the School Board's rules. Citing to school rule 6GX31-5.38, appellant argues that she was not charged with the use or possession of alcoholic beverages or a narcotic drug, but rather with "possession of what appeared to be a marijuana joint" which is not prohibited by said rule. Rule 6GX31-5.38 is worded as follows:
6GX31-5.38 ALCOHOL, DRUGS AND SMOKING. (1) The use, possession or consumption of alcoholic and intoxicating beverages or a narcotic drug shall not be permitted at any school by any person except where the person has a prescription drug for use as prescribed by a medical doctor.
(a) Where a student is believed to be under the influence of alcohol or any narcotic drug, central nervous system stimulant, hallucinogenic drug, or barbiturate, this suspicion shall be reported immediately to the principal who shall assume responsibility for further action.
(b) If upon further observation and investigation, the principal believes the student to be under the influence of alcohol or a drug as provided above, he shall notify the proper authorities and the parents or guardian of a minor child and take such disciplinary action as he deems appropriate.
(c) Where a student is eighteen years of age or older, the principal shall take such disciplinary action as he deems appropriate or as may be required by law and these regulations.
(2) A student enrolled in grades K-12 shall not be permitted to smoke on school property.
(3) There shall be no smoking in the gymnasiums, auditoriums or lunchrooms of the Indian River County School District by any person. Notices to this effect shall be posted where needed.
(4) Smoking may be allowed at adult education centers in designated areas outside the instructional areas.
The School Board counters appellant's argument by noting that her argument as to the defect in the language used in the charging documents is without merit because the charging instruments as worded would satisfy even the stricter criteria by which indictments and informations are evaluated in criminal proceedings. In support of this contention, the School Board *1334 sets forth the language from Florida Rule of Criminal Procedure 3.140(o) which provides that
No indictment or information, or any count thereof, shall be dismissed or judgment arrested, or new trial granted on account of any defect in the form of the indictment or information or of misjoinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment or information is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.
The School Board points out that appellant knew that she was being charged with possession of marijuana and cites to the transcript from the March 26, 1987 evidentiary hearing where her attorney stated:
I would agree with Dr. Burns that this is a very simple matter, if in fact the only thing that is to be considered today is whether or not my client, Jannine Walter was or was not in possession of marijuana.
The School Board thus reasons that appellant had no trouble determining the nature of the offense with which she was being charged and that the transcript reveals that her attorney was not mislead by said documents in the preparation of her defense.
The School Board further contends that appellant's reliance on C.J. v. School Board of Broward County, 438 So.2d 87 (Fla. 4th DCA 1983), for the proposition that appellant's expulsion must be overturned because she did not violate any school board rule prohibiting the possession of something that "appears to be a marijuana cigarette" is incorrect. In C.J., this court reversed an order of expulsion by the Broward County School Board, finding that a commemorative, boxed knife in the possession of a student did not violate the school board policy prohibiting the possession of a weapon because the pertinent rule limited the definition of knives, as a category of weapon, to  "switchblade, hunting or any knife used to intimidate." Id. at 88. The School Board argues that the term "appears to be" used in the charging documents herein is merely a "categorization of the offense." Citing to Indian County School Board Rule 6GX31-2.17, the School Board contends that appellant was in violation of that rule, which provides:
2.17 ALCOHOLIC BEVERAGES, NARCOTIC DRUGS, HALLUCINOGENIC DRUGS, BARBITURATES AND SIMILAR ITEMS. The possession, sale, transfer or use by any student, employee or school visitor of any form of an alcoholic beverage or drug with abuse potential, hallucinogenic drug, barbiturate or similar item as identified in Chapter 893, Florida Statutes, is prohibited on school property or at any school sponsored function.
(1) A drug with abuse potential is defined as one which requires a physician's prescription or a drug whose possession is prohibited by Florida Law.
(2) The possession of any drug prescribed by a licensed physician is restricted to the dosage necessary to be taken by a student or employee during the time he is in attendance at school or a school sponsored function or while on duty.
(3) Drugs as defined in this rule, may be displayed for educational purposes by authorized personnel.
Marijuana or cannabis, is included in section 893.03(1)(c), Florida Statutes (1985), among the hallucinogenic substances subject to the chapter entitled "Drug Abuse Prevention and Control." We are reminded in this case of the often heard Shakespearean quotation, "That which we call a rose by any other name would smell as sweet." The wording used in the charging documents was adequate to inform appellant that she was in violation of the School Board's prohibition against possession of marijuana. The language "what appears to be" is merely superfluous and did not affect appellant's ability to prepare a defense. *1335 In Banks v. Board of Public Instruction of Dade County, 314 F. Supp. 285 (S.D.Fla. 1970), vacated 401 U.S. 988, 91 S.Ct. 1223, 28 L.Ed.2d 526, appeal after remand 450 F.2d 1103 (5th Cir.1971), the United States District Court for the Southern District of Florida found that students suspended from public schools
should be given specific notice of the charges, the names of witnesses with a summary of their testimony, and should be given an opportunity to refute the charges by oral or written testimony.
Id. at 292. The court noted that the dictates of due process in the public school setting are less formal than those required in a criminal procedure. Id. at 293. The Florida Supreme Court in Leeman v. State, 357 So.2d 703 (Fla. 1978), dealt with the issue of whether an information charging a criminal defendant with the possession of an electronic device for use to avoid or attempt to avoid payment of long distance telephone service properly informed the defendant of the charge against him. The Florida Supreme Court, in finding that it did, stated:
The purpose of an information is to fairly apprise defendant of the offense with which he is charged. [Citations omitted.]
Id. at 705. Arguably, even if one were to apply this higher criminal standard to the facts of the instant case, one could find that the charging documents herein fairly apprised appellant of the offense  possession of marijuana  which she was determined to be guilty of violating. The fact that the phrase "what appears to be" was included does not violate any due process rights to which a student in a public school setting may be entitled.
As to appellant's contention that there was a lack of competent, substantial evidence at the March 26, 1987, evidentiary hearing to substantiate the School Board's finding that appellant was in possession of marijuana, we must disagree.
Appellant's second point on appeal is that the School Board erred in ordering her expulsion as the school principal failed to comply with section 232.26(1)(c), Florida Statutes. That statutory section provides:
(c) The principal or his designated representative may recommend to the superintendent the expulsion of any student who has committed a serious breach of conduct, including, but not limited to, willful disobedience, open defiance of authority of a member of his staff, violence against persons or property, or any other act which substantially disrupts the orderly conduct of the school. Any recommendation of expulsion shall include a detailed report by the principal or his designated representative on the alternative measures taken prior to the recommendation of expulsion. [Emphasis added.]
Since the principal failed to furnish a detailed report on the alternative measures taken prior to the expulsion, appellant contends she was improperly expelled. Appellant further contends that the School Board erred by failing to provide her with an alternative educational program during the period of her suspension and subsequent expulsion from school. In support of this contention, appellant cites to sections 230.2315 and 230.2316, Florida Statutes.
The School Board acknowledges that the school principal failed to furnish a detailed report on the alternative measures taken prior to recommending appellant's expulsion. Its argument in support of the principal's actions is that there is no statutory or other requirement that alternative measures be taken prior to the principal's recommendation that a student be expelled. Since no alternative measures were considered, the School Board asserts that the principal's actions were proper. In light of the fact that no alternative measures must be taken prior to recommending expulsion, we agree with the School Board that the principal's failure to include a detailed report on what alternative measures were taken does not justify vacating the order of expulsion.
As to the appellant's argument that the School Board was statutorily required *1336 to furnish her with an alternative educational program, we disagree. The language of section 230.2315, Florida Statutes, dealing with the establishment of educational alternative programs, provides:
(3) Administration  Each district school board may establish one or more educational alternative programs. [Emphasis added.]
and the language of section 230.2316, Florida Statutes, dealing with dropout prevention programs provides:
(5) PROGRAM PLANNING AND IMPLEMENTATION.
(a) Each district may establish one or more alternative programs for dropout prevention at the elementary, middle, junior high school, or high school level. [Emphasis added.]
Clearly, both of these statutes cited by appellant in support of her argument that the School Board was required to furnish her with an alternative educational program use permissive ("may") rather than mandatory ("shall") language. Thus, we agree with the School Board's argument that it was not required to provide appellant with an alternative educational program.
We are not unmindful of the tensions involved here  a child's education on the one hand and a clear school policy on the other. How sad that children learn not to play with fire but do not fully appreciate the harm from playing with substances that are not only dangerous but also illegal. The absence of an alternative educational program in Indian River County points out the inadequacies of funding children's needs legislatively.
To its credit, Palm Beach County has now joined Pinellas County in providing a locally controlled Children's Services Council for each of those counties. While this child has been properly expelled under the law, that does not justify any smugness on the part of this court or society in view of the fact that (a) the child did not refrain from doing harm to herself and (b) society has failed to commit the resources necessary to prevent or humanistically deal with the problem.
ANSTEAD and GUNTHER, JJ., concur.