616 So.2d 1011 (1993)
STUDENT ALPHA ID NUMBER GUJA, Appellant,
v.
The SCHOOL BOARD OF VOLUSIA COUNTY, Florida, Appellee.
No. 92-84.
District Court of Appeal of Florida, Fifth District.
February 26, 1993.
Rehearing Denied April 27, 1993.
*1012 Eric A. Latinsky, Daytona Beach, for appellant.
Barbara J. Foster, Deland, for appellee.
HARRIS, Judge.
A student was found sleeping after the lunch period near the Guidance Center at Seabreeze High School. He was ashen gray and appeared very ill; he was eventually transported to Peninsula Medical Center. It was determined that the student had consumed marijuana during his lunch break. He stated that he had received the marijuana from appellant at the beginning of the lunch period at her locker. Appellant was questioned about the incident and admitted giving the marijuana to the student. At this time, she did not indicate where the exchange took place. She and her parents were notified that she would be recommended for extended suspension because of her "distribution of a controlled substance (marijuana) on the school campus."
Although appellant's admission and the other student's statement were placed into the record at the suspension hearing through the testimony of George Janan, the administrative assistant at the school, the student who was given the marijuana dropped out of school and did not testify. At the suspension hearing, appellant again admitted that she took the marijuana from her locker and gave it to the other student but contended that the actual transfer took place off campus. The school board determined that since the only evidence that appellant actually delivered the marijuana on campus was hearsay, they would find her guilty only of possession. The school board found, however, that even possession, under the facts of this incident, justified suspension.
Appellant contends that her suspension violated due process because she was actually "charged" with distribution on campus but found guilty of possession. She urges that she was not prepared to defend against "the lesser included charge" of possession.
Any analysis of procedural due process in a school suspension or expulsion case must begin with Goss v. Lopez, 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1985) where the Supreme Court held that a student facing suspension from a public school has property and liberty interests that qualify for protection under the due process clause of the Fourteenth Amendment. Goss, 95 S.Ct. at 736. In Goss nine students were suspended from high school without a hearing. The suspensions were based upon disruptive or disobedient conduct. The court commented that the fundamental requisite of due process is the opportunity to be heard and declared that at the very minimum, students facing suspension must be given some kind of notice and afforded some kind of hearing (emphasis in original). Goss, 95 S.Ct. at 738.
The court noted, however, that interpretation and application of due process are intensely practical matters which negate any concept of inflexible procedures universally applicable to every imaginable situation. Goss, 95 S.Ct. at 738. The timing and content of the notice and the nature of the hearing depends upon the appropriate accommodation of the competing interests. Goss, 95 S.Ct. at 738-39.
After Goss, it became clear that due process in student disciplinary proceedings requires adequate notice, an opportunity to be heard, and substantial evidence to support the penalty. There are, however, no hard and fast rules by which to measure meaningful notice. Nash v. Auburn Univ., 812 F.2d 655 (11th Cir.1987). It is equally clear that disciplinary proceedings do not require the same safeguards afforded criminal defendants. See e.g., Gordon v. Savage, 383 So.2d 646 (Fla. 5th DCA 1980), rev. denied 389 So.2d 1110 (1980) (an administrative accusation is not a criminal proceeding; therefore, criminal procedures *1013 are not applicable to an inquiry into fitness to practice dentistry); Jaska v. Regents of Univ. of Michigan, 597 F. Supp. 1245 (E.D.Mich. 1984), aff'd 787 F.2d 590 (6th Cir.1986) (school disciplinary proceedings are not criminal trials); Norton v. Discipline Comm. of East Tennessee State Univ., 419 F.2d 195 (6th Cir.1969), cert. denied 399 U.S. 906, 90 S.Ct. 2191, 26 L.Ed.2d 562 (1970) (there is not a good analogy between student discipline and criminal procedure); Esteban v. Central Missouri State College, 415 F.2d 1077 (8th Cir.1969), cert. denied 398 U.S. 965, 90 S.Ct. 2169, 26 L.Ed.2d 548 (1970) (school regulations are not measured by standards of criminal law).
The due process requirement of an administrative proceeding is that the proceeding must be "essentially fair". See Gordon v. Savage, 383 So.2d 646 (Fla. 5th DCA 1980).
The question before us is whether it was "unfair" to suspend appellant for her admitted possession of marijuana (admittedly an offense for which suspension was authorized) when she was put on notice that the administrative hearing involved her alleged distribution on campus.
Appellant's position would have more merit if she had been accused and tried for a violation of the school policy on marijuana but suspended for absenteeism or cheating on an exam. Then she could clearly claim surprise.
But here it was apparent that appellant was on notice from the outset that disciplinary action against her was contemplated because of her role in the marijuana incident involving the other student. She was not prejudiced by the notice given for the formal suspension hearing. Appellant's argument that in fact she handed the marijuana to the other student just off campus does not deprive the school board of the authority to suspend her for her admitted possession on campus of the same marijuana (same incident) delivered to the other student.
Appellant urges that she was prejudiced by the "formal charge" because had she suspected the school board was concerned about mere possession, she might not have testified.
Her admission that she possessed marijuana on campus made before the formal hearing was both admissible (an exception to the hearsay rule) and sufficient to establish the offense of possession.
Next she indicates that had the "charge" been mere possession she would have put on mitigation evidence instead of a defense. After the school board found that she violated the policy against possessing marijuana, she was given the opportunity to establish mitigation but elected not to do so.
She also contends that suspension for mere possession, although authorized, is not mandatory and that she might have negotiated a better deal had she known the charge included mere possession. It is true that the principal has the discretion to recommend or not recommend extended suspension in the case of possession. However, there is no authority for him to "cut a deal." Further, she urges that students have not always been suspended for mere possession. However, in any view of the matter, this was not a mere possession offense. Although the delivery might have been completed off campus,[1] there was admittedly a delivery during the school day to a fellow student of marijuana kept on campus. This fact, regardless of where the delivery was completed, is relevant in determining the punishment for this admitted violation of school policy.
Like our colleague, we too are concerned about what lesson students will learn from this experience. We believe that they often learn of their rights much earlier and much better than they learn of their responsibilities and obligations. Perhaps, under *1014 the facts of this case, accountability for one's actions is the better lesson.
AFFIRMED.
GOSHORN, C.J., concurs.
DAUKSCH, J., dissents with opinion.
DAUKSCH, Judge, dissenting.
I respectfully dissent.
In a rather dramatic fashion the majority has depicted the evils of the use of marijuana. It comes as no surprise in these modern times that a young person who inhales smoke from a cigarette, be it tobacco or marijuana, suffers lightness of head, coughing, soreness of throat and even nausea and vomiting. Use of either can result in addiction, heart disease, cancer and, some say, marijuana use can lead to reefer madness and is the first step toward deadly drug addiction.
The issue in this appeal is a very serious one. The issue in this appeal surpasses shrill appeals to those who would wring hands over the purveying of illegal smoking materials by minors to minors.
The issue in this appeal is whether this court, the first and only court to which appellant can resort for constitutional relief, will sanction patent due process abuse by an administrative body which controls her education and that of all public school students in Volusia County.
The procedural history of this case is as follows. On October 10, 1991, appellant was suspended from Seabreeze High School due to an incident involving marijuana. The notice of school suspension dated October 14, 1991, indicates that the reason for the suspension was "drug use, possession and distribution." On October 23, 1991, the District Expulsion Review Committee reviewed the principal's request for expulsion of appellant and found that appellant had committed an offense which constituted grounds for expulsion under the Code of Student Conduct and Discipline, Policy Number 208, "distribution of a controlled substance (marijuana) on the school campus." "Distribution" is defined in policy number 208 as "the delivery of a drug or alcohol to another by one who is responsible for the production of the drug or alcohol upon school board property or at a school sponsored event." [Emphasis added]. The committee recommended expulsion for marijuana distribution and recommended that the expulsion continue through the second semester of the 1991-1992 school year.
On November 12, 1991, Frederick W. Miller, Chief Officer of the Division of Exceptional Student Education and Student Services sent appellant's mother a letter stating:
In accordance with Florida Statutes, Chapter 230.33 entitled "Duties and Responsibilities of the Superintendent" and School Board of Volusia County Administrative Policy Number 208, entitled "Code of Student Conduct and Discipline," it is the intention of the Superintendent of Schools to recommend to the School Board of Volusia County, Florida that your daughter ... Alpha ID GUJA, be expelled from attendance in any school in the Volusia County school system through the end of the second semester of the 1991-1992 school year.
This recommendation is made necessary because [your daughter] distributed a controlled substance (marijuana) on the school campus of Seabreeze High School, Daytona Beach, Florida, thereby endangering the safety of other students and causing disruption of the orderly school process.
On October 22, 1991, appellee issued an order, "Order Scheduling Hearing Before School Board and Governing Conduct of Hearing." That order states that the issues to be resolved by appellee:
a. Whether the respondent distributed a controlled substance (marijuana) on the school campus of Seabreeze High School in violation of section II.B.4 School Board Policy 208, the Code of Student Conduct and Discipline?
b. If the respondent distributed a controlled substance (marijuana) on the school campus of Seabreeze High School in violation of Section II.B.4 School Board Policy 208 Code of Student Conduct *1015 and Discipline, is the recommended discipline response of expulsion appropriate?
c. If expulsion is the appropriate discipline response for what period of time should the expulsion be imposed?
On November 26, 1991, the requested hearing was held and the School Board's legal advisor stated at the beginning of the hearing that the first issue was "whether or not the pupil is guilty of the offense charged." The witness for the School Board was George Janan, the administrative assistant who examined the student who had been found ill after the lunch period. He also interviewed appellant and appellant indicated that she had given the young man some marijuana earlier during the day, off campus.
At the close of the school board's presentation, appellant's counsel moved that the board find in favor of appellant because the only evidence presented as to the delivery of marijuana on school grounds charge was hearsay. He noted that appellant had only been charged with distribution of the marijuana on campus property and noted "my client apparently admitted to possessing marijuana but she did not admit to the essential elements of the charge, that she did it on campus." The School Board denied the motion.
After appellee the School Board denied the motion, appellant testified that she gave the marijuana to her friend in the McDonald's parking lot off campus. On cross-examination, she indicated that she admitted to Janan that she brought the marijuana on campus but said she gave it to the young man in the McDonald's parking lot after the students got out of referral before lunch time. Counsel for the School Board stated that "under the rules and policies adopted by the board in the Code of Student Conduct [there] is also the offense of possession and the offense of attempted distribution, which would be lesser included offenses in the charge of distribution." Counsel for appellee further argued that "possession is a part of distribution. So that's one of the elements. So I think that someone would be forewarned because of that." The Board voted to find that the charge of distribution was not proven but found appellant guilty of the lesser included offense of possession. The Board's final order of expulsion states in pertinent part:
1. The student has admitted that she possessed a controlled substance (marijuana) on the campus of Seabreeze High School.
2. The evidence is insufficient to establish that the student completed the offense of distribution of a controlled substance while on the school campus.
3. Under the circumstances of this case the student could fairly expect that possession of a controlled substance is a necessarily included lesser offense within the charge of distribution.
4. Possession of drugs or controlled substances is a major offense under section II.B.3, School Board Policy 208, Secondary School Code of Student Conduct and Discipline, 1991-1992.
5. Expulsion is within the range of discipline responses for a Level 3 offense under section II.B.3, School Board Policy 208, Secondary School Code of Student Conduct and Discipline, 1991-1992, and the superintendent has recommended expulsion.
Possession is defined in the Code as "to have unlawful custody or control of any substance defined as a drug or alcohol under this code."
I agree with appellant that appellee's order finding her in violation of a section of the Code of Student Conduct that she was not charged with violating is a due process violation. Nothing in the classifications of violations in School Board Policy 208 supports the conclusion that a student charged with a Level 4 offense of distribution might instead be found guilty of another offense, the Level 3 offense of possession when the original charge was distribution. Instead, possession was arbitrarily deemed by the Board to be a "necessarily included lesser offense" of distribution and appellant was expelled.
*1016 In Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954), the United States Supreme Court noted:
Today, education is perhaps the most important function of state and local government ... [I]t is a principal instrument for awakening the child to cultural values, in preparing him for later professional training, and in helping him to adjust normally to his environment. In these days, it is doubtful that any child may reasonably be expected to succeed in life if he is denied the opportunity of an education. Such an opportunity, where the state has undertaken to provide it, is a right which must be made available to all on equal terms.
347 U.S. at 493, 74 S.Ct. at 691. See also, Rodham, "Children Under the Law," 43 Harv.Educ.Rev. 487, 498 (1973). A person's entitlement to an education has been recognized as a property interest protected by the due process clause of the Fourteenth Amendment. Goss v. Lopez, 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975). In C.J. v. School Board of Broward County, 438 So.2d 87 (Fla. 4th DCA 1983), the court agreed with a federal appellate court which stated:
... a sentence of banishment from the local educational system is, insofar as the institution has the power to act, the extreme penalty, the ultimate punishment. In our increasingly technological society getting at least a high school education is almost necessary for survival. Stripping a child of access to educational opportunity is a life sentence to second-rate citizenship, unless the child has the financial ability to migrate to another school system or enter private school.
438 So.2d at 87-88, quoting Lee v. Macon County Board of Education, 490 F.2d 458, 460 (5th Cir.1974). The court noted that because of our courts' sensitivity and concern "we intend that school boards turn square corners, dot all of their "i's" and cross all of their "t's," if they intend to enforce ... a rigid, mandatory rule." 438 So.2d at 88. The rule under challenge in C.J. v. School Board of Broward County provided for mandatory expulsion for possession of a knife "used to intimidate." The court there had "no misgiving about requiring the School Board to tow the mark in their choice of language in light of the irreplaceability of education." 438 So.2d at 88. Neither should this court.
The majority here ignores the most analogous Florida case on point. In Walter v. School Board of Indian River County, 518 So.2d 1331 (Fla. 4th DCA 1987), the school board expelled a student charged in her "Suspension Notice" and "Notice of Fact Finding Hearing and Statement of Charges" with "possession of what appeared to be a marijuana cigarette." Id. at 1333-1334. The student argued that the act of being "in possession of what appeared to be" a marijuana cigarette was not violative of any of the School Board's rules. However, the court found:
The wording used in the charging documents was adequate to inform appellant she was in violation of the School Board's prohibition against possession of marijuana. The language "what appears to be" is merely superfluous and did not effect the appellant's ability to prepare a defense.
* * * * * *
Arguably, even if one were to apply [this] higher criminal standard to the facts of the instant case, one could find that the charging documents herein fairly apprised appellant of the offense  possession of marijuana  which she was determined to be guilty of violating.
Walter, 518 So.2d at 1334-1335. The same cannot be said in the instant case because here while the suspension order indeed stated that appellant was to be expelled for offenses including possession, subsequent documents state the expulsion recommendation was made necessary because appellant "distributed" marijuana on the Seabreeze campus and the very order scheduling the hearing merely states that the only factual question to be determined was whether appellant "distributed" marijuana on the campus in violation of section II.B.4, School Board Policy 208, Code of Student Conduct.
*1017 There can be no question that appellant suffered substantial prejudice in the presentation of her case. Under the discipline responses for a Level 3 offense of drug possession, it is not mandatory for the expulsion review committee to recommend expulsion. Possible discipline responses for possession include suspension, extended detention and other responses besides a possible expulsion recommendation. It was undisputed below that the young man who became so ashen gray received only a ten-day suspension. Appellant seems correct in asserting that she could have utilized an entirely different presentation to defend a possession charge had she been charged with that. Appellant's counsel below was prepared and indeed lulled into defending a distribution charge. However, had she been charged with possession, appellant could have focused upon the presentation of mitigating testimony at sentencing because it was undisputed below that students were not normally expelled for mere possession of marijuana. Appellant only declined to present mitigation evidence when a member of the board stated that such a presentation would not benefit her. It is well settled that "procedural due process must be afforded ... by way of adequate notice, definite charge, and a hearing with opportunity to present one's own side of the case and with all necessary protective measures ..." Esteban v. Central Missouri State College, 415 F.2d 1077, 1089 (8th Cir.1969). In Norton v. Discipline Committee of East Tennessee State University, 419 F.2d 195, 200 (6th Cir.1969), the charges were indeed held to be sufficiently definite.
Requirements of due process are not "wooden absolutes. The sufficiency of the procedures employed in any particular situation must be judged in light of the parties, the subject matter and the circumstances involved." Keough v. Tate County Board of Education, 748 F.2d 1077, 1081 (5th Cir.1984). However, at a minimum, certainly, discipline must be imposed "in a manner consistent with adopted rules and the relevant statutory scheme." W.A.N. v. School Board of Polk County, 504 So.2d 529, 530 (Fla. 2d DCA 1987). This court should reverse appellee's order of expulsion. Certainly the student has learned the seriousness of her conduct and will forever suffer because of it. Of equal importance, if not greater, she and her classmates have learned that due process rights are not always afforded them by their school board. Appellee in this case has learned that, too.
NOTES
[1] We are not convinced that the fact that the marijuana was handed to the other student "off campus" during the lunch break prevents this from being distribution on campus when the marijuana was taken from the school locker, carried to the rendezvous and then returned to campus. Distribution is a broader concept than the mere handing of the marijuana to another.