NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| SHASTA MOTT, O/B/O D.G., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D17-5030 |
| | ) | |
| SCHOOL DISTRICT OF DeSOTO | ) | |
| COUNTY, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Opinion filed April 24, 2019.

Appeal from the School Board of the
School District of DeSoto County.

Shasta Mott, O/B/O D.G., pro se.

Jeffrey D. Jensen and Andrew J. Salzman
of Unice Salzman Jensen, P.A., Trinity, for
Appellee.


CASANUEVA, Judge.

Shasta Mott, on behalf of her daughter D.G., appeals a final order of the

School Board of the School District of DeSoto County expelling D.G. from DeSoto

Middle School. She was expelled, pursuant to the School Board's zero tolerance policy,

for being under the influence of drugs on school property after allegedly consuming a

pot brownie on her way to school. Because the Board failed to establish a violation of the zero tolerance policy, we reverse the order of expulsion.

The Supreme Court has "held that a student facing suspension from a public school has property and liberty interests that qualify for protection under the due process clause of the Fourteenth Amendment." Student Alpha Id No. Guja v. Sch. Bd. of Volusia Cty., 616 So. 2d 1011, 1012 (Fla. 5th DCA 1993) (citing Goss v. Lopez, 419 U.S. 565, 574 (1975)). "[D]ue process in student disciplinary proceedings requires adequate notice, an opportunity to be heard, and substantial evidence to support the penalty." Id.; see also C.J. v. Sch. Bd. of Broward Cty., 438 So. 2d 87, 87 (Fla. 4th DCA 1983) ("[W]e are very sensitive to the principle that entitlement to an education has been recognized as a property interest protected by the due process clause of the fourteenth amendment . . . .").

Following an executive session of the Board at which D.G.'s case was heard, the Board issued its final order of expulsion based on D.G. "being under the influence of drugs."[1] Ms. Mott argued that expulsion was not appropriate, particularly given the absence of any prior drug violations, but the Board stated that expulsion for

---

[1]Ms. Mott was given three different bases for the expulsion recommendation in three different correspondences: one stated "Drug sale and/or distribution"; another stated "being under the influence of marijuana at school"; and a third identified "drug possession/use." The final order of expulsion states that the expulsion was for "being under the influence of drugs." We question whether Ms. Mott was fairly apprised of the offense for which her daughter was facing expulsion. See Student Alpha Id No. Guja, 616 So. 2d at 1012 (noting that due process in student disciplinary proceedings requires adequate notice). Because we find that the expulsion order is not supported by the evidence, we do not address the issue of notice.

the remainder of the school year was the least punishment they could impose under its zero tolerance policy.

The zero tolerance policy set out in the code of conduct does not support the Board's position. It identifies the following drug-related violations as zero-tolerance offenses: "Sale, distribution, possession, receipt, or delivery of illegal drugs." The Board neither alleged nor presented any evidence that D.G. committed an act of "[s]ale, distribution, possession, receipt, or delivery of illegal drugs" on campus. The Board alleged that D.G. was under the influence of drugs on campus, and this is not an enumerated offense in the zero tolerance policy. Cf. Crawley v. Sch. Bd. of Pinellas Cty., 721 So. 2d 396, 397 (Fla. 2d DCA 1998) (noting that part of the school board's zero tolerance policy prohibited a student from being on school property while under the influence of an illegal drug). We will not read into the rule conduct that is not expressly prohibited. See C.J., 438 So. 2d at 88 ("[T]he School Board cannot have it both ways. If it is going to urge the validity of a mandatory rule of such gravity, then it had better use in its rule making all of the punctiliousness that Seurat did in his painting."). Accordingly, we find that the Board failed to present substantial, competent evidence to support the penalty of expulsion imposed under the zero tolerance policy.[2]

---

[2]It is clear from the record that the expulsion in this case was based on zero tolerance and not on some other provision that may have given the Board discretion to expel a student for being under the influence of drugs, for example if the student has prior drug violations or after the Board has considered alternative consequences. Nor did the Board present evidence to support expulsion under an alternative provision.

Because the Board failed to present evidence to support an expulsion for being under the influence, we reverse and remand with instructions that the order of expulsion be expunged from D.G.'s school records.

Reversed and remanded with instructions.

KELLY and ATKINSON, JJ., Concur.