333 So.2d 118 (1976)
Donald P. AUSTIN, D.D.S., Petitioner,
v.
Dr. Irving GORDON, D.D.S., et al., Respondents.
No. 75-1406.
District Court of Appeal of Florida, Second District.
June 9, 1976.
Sherwin P. Simmons and Harold W. Mullis, Jr., of Trenam, Simmons, Kemker, Scharf & Barkin, Tampa, for petitioner.
Robert L. Shevin, Atty. Gen., and Donald D. Conn, Asst. Atty. Gen., Tallahassee, for respondents.
SCHEB, Judge.
Petitioner Donald P. Austin, D.D.S. seeks a writ of certiorari from an order of the respondent Board of Dentistry suspending his license to practice for six months.
The thrust of petitioner's argument is that the Board improperly modified the hearing examiner's findings of fact and on basis of its augmented findings adjudged *119 an enhanced penalty of six months suspension of license rather than adopting the hearing examiner's recommended penalty of a public reprimand. We agree with petitioner and grant the writ.
In a recommended order entered on July 24, 1975, the hearing officer made the following findings of fact:
"1. Dr. Donald P. Austin freely, intelligently and voluntarily admitted to violation of the provisions of Florida Statutes § 466.24(3)(e), and the Regulations of the Florida State Board of Dentistry, Chapter 21-G-9, Florida Administrative Code, by permitting Carmella Carney, an unlicensed person acting under his supervision and control, to perform work constituting the practice of dental hygiene, in that on December, 12, 1974 he permitted said Carmella Carney to remove calculus from the teeth of a patient, Barbara Dubrian.
"2. Similar charges were filed against two licensed dentists who had practiced with Dr. Austin, and the proceedings were informally disposed of by the admissions of the dentists as to the accuracy of facts contained in the Accusation. Each dentist received a public reprimand in connection with those charges.
"3. The incident resulting in charges being filed against Dr. Austin was an isolated incident, and was the only occasion upon which Dr. Austin permitted any unlicensed person acting under his supervision to remove calculus from the teeth of a patient.
"4. Dr. Austin's reputation among his colleagues for professional competence and integrity is excellent.
"5. The patient involved in this incident had very light calculus, only slightly heavier than heavy stains. Dr. Austin examined the work performed by Ms. Carney, and the teeth were clean. The patient did not complain about the work, and in fact, complimented Ms. Carney for it. Dr. Austin did not charge the patient for the work."
Concluding as a matter of law that Dr. Austin had violated the provisions of Fla. Stat. § 466.24(3)(e), and the regulations of the State Board of Dentistry in Ch. 21-G-9, Florida Administrative Code, the hearing officer recommended that Dr. Austin receive a public reprimand, the same penalty imposed upon the two other dentists who had practiced with Dr. Austin and who, like Dr. Austin, admitted to the accuracy of facts in the Board's accusations against them.
Upon consideration of the recommended order, the Board modified the hearing examiner's findings of fact by adding the following findings to # 2 of the recommended order:
"Dr. Austin did, however, supervise and was responsible for said personnel according to competent, substantial evidence in the record."
and by modifying # 3 of the order to set forth:
"The incident resulting in charges being filed against Dr. Austin was not an isolated incident, and was not the only occasion upon which Dr. Austin permitted any unlicensed person acting under his supervision to remove calculus from the teeth of a patient according to competent, substantial evidence."
When Dr. Austin appeared with counsel before the hearing officer and admitted the Board's charges against him, counsel for the Board stated it had no other evidence to present. The only evidence received by the hearing officer was that offered in mitigation on behalf of the petitioner. We have combed the transcript and find no evidence that Dr. Austin supervised and was responsible for the other two dentists who received reprimands. While testifying in mitigation, Dr. Austin candidly stated that it had been an office policy to allow some dental assistants to polish teeth but that *120 the practice was terminated when he learned that to perform such services auxiliary personnel must first attend a special training course. But, of course, the Board did not base its accusation against petitioner on this ground. There is no evidence to show that his allowing an assistant to remove calculus from the teeth of one patient was other than a single isolated incident. And, we note, that by stipulation the Board deleted from the accusation the language to the effect that removal of calculus was accomplished "with electrical and ultrasonic instruments." These additional findings therefore must be and are hereby stricken. Fla. Stat. § 120.68(10).
On basis of its augmented findings, the Board suspended Dr. Austin's license for six months rather than issuing him a public reprimand as it did to his two professional colleagues charged with similar offenses. The Board justified the enhanced penalty on basis of its augmented findings which modified the hearing examiner's findings of fact.
The new Administrative Procedure Act provides that if the hearing examiner's findings are rejected, the Board must state with particularity that the examiner's findings of fact were not based upon competent substantial evidence, Fla. Stat. § 120.57(1)(b)(9); Campbell v. State Dept. of Transportation, Fla.App.4th 1976, 326 So.2d 66. The record demonstrates that in this instance the Board was not in a position to comply with this requirement. Moreover, not only were the examiner's findings supported by competent substantial evidence, but the augmented findings of the Board were not. To be sustained, all ultimate findings of an administrative body must be based on competent substantial evidence. DeGroot v. Sheffield, Fla. 1957, 95 So.2d 912; Erwin v. Florida State Board of Dentistry, Fla.App.2d 1975, 320 So.2d 2.
The enhanced discipline of petitioner having been based upon improperly augmented findings of fact and such findings having been stricken, the enhanced penalty must also fall.
Accordingly, we grant certiorari, and the Board's final order issued on September 20, 1975, is quashed and the hearing examiner's recommended order of July 24, 1975, is substituted therefor.
McNULTY, C.J., and HOBSON, J., concur.