433 So.2d 600 (1983)
Philip Cary WALLACE, Appellant,
v.
FLORIDA A & M UNIVERSITY, Appellee.
No. AN-383.
District Court of Appeal of Florida, First District.
June 9, 1983.
Melvin R. Horne and William L. Grossenbacher of Horne, Rhodes, Jaffry, Horne & Carrouth, Tallahassee, for appellant.
*601 Bishop C. Holifield, University Atty., Henry L. Kirby, Associate University Atty., Tallahassee, for appellee.
LARRY G. SMITH, Judge.
Wallace appeals claiming his expulsion from Florida A & M University was not authorized by the university rules and that he was not accorded due process in the disciplinary proceedings below. We modify the order, and affirm as modified.
On September 2, 1981, Wallace, a FAMU pharmacy student, was arrested and charged in the United States District Court, Northern District of Florida, with intent to distribute cocaine[1] and carrying a firearm during the commission of a felony. Pursuant to a guilty plea, he was adjudicated guilty on the cocaine charge on October 16, 1981. Sentence was to be set after December 18, 1981, presumably so that Wallace could complete his fall course work at the university.
Wallace continued in school. On December 4, 1981, he was summarily expelled from the university because of his drug conviction. The recommended order expelling him provided that he would be given a hearing if he desired.
On December 9, 1981, Wallace sought and obtained an emergency hearing in federal district court. The district court set aside his adjudication of guilt until the time of sentencing. On January 27, 1982, Wallace was readjudicated guilty, ordered to pay a fine, and sentenced to eight years. He is currently serving his sentence in federal prison.
In the meantime, on December 15, 1981, the president of the university entered a final order expelling Wallace. At the subsequent hearing which appellant requested to challenge his explusion, appellant was represented by counsel. He had the opportunity to call witnesses in his behalf, to cross-examine witnesses called in behalf of the university, and to otherwise fully present his defense to the charges against him.
After hearing evidence from both sides, the hearing officer entered a recommended order finding that Wallace's arrest triggered a negative reaction among several students at the School of Pharmacy. These students confronted the dean and assistant dean about the incident expressing their feelings that Wallace had betrayed the ethical standards expected of pharmacy students. The hearing officer found that pharmacy students were placed on notice of the ethical standards expected of them by the university catalogue. More importantly, he noted that Wallace had taken the jurisprudence and ethics course at the university, a course which thoroughly familarizes students with drug laws and a pharmacist's code of ethics, the summer quarter before his arrest and conviction. He concluded that Wallace's conduct had "interferred with the educational and orderly operation of the School of Pharmacy in light of the school's aggressive stance on the ethical conduct of its students" and thus his summary expulsion was justified under Rule 6C3-2.12(11)(k), Florida Administrative Code[2]. The university entered a final order adopting the findings and conclusions of the hearing officer's recommended order and upheld Wallace's expulsion.
We agree completely with the hearing officer that appellant's conduct interferred with the educational or orderly operation of the university. We find support for this conclusion in Sohmer v. Kinnard, 535 F. Supp. 50 (D.Md. 1982), which considered the case of a pharmacy student dismissed for, among other things, illegal possession of cocaine. In holding that the student was not entitled to a preliminary injunction *602 ordering his reinstatement in the School of Pharmacy the court reasoned:
"... It cannot reasonably be said that a 24-year-old student in his last year at a school of pharmacy is not aware that the illegal use and possession of narcotic drugs would violate the law and the Code of Ethics of his profession and would therefore be detrimental to the interest of the University... ." 535 F. Supp. at 54.
* * * * * *
Plaintiff's claim that the students on the Grievance Committee were not qualified to determine if plaintiff's action violated the interests of the University community is preposterous, because any student can fathom the relationship between drug abuse and the interests of a School of Pharmacy. 535 F. Supp. at 55.
Nevertheless, Wallace complains that Rule 6C3-2.12(11)(k) is inapplicable to him since his conviction had been set aside on December 15, the date of the final order of expulsion and thus he had not been "convicted of a criminal offense" within the meaning of the rule on that date and his summary expulsion was illegal.
This argument ignores the fact that on December 4, 1981, when Wallace was served with the recommended order of summary expulsion, which immediately separated him from the university, he had been adjudicated a felon for possession of cocaine. Although appellant was subsequently able to have his adjudication temporarily set aside, we decline to hold that this invalidates the application of the rule. Moreover, even if Rule 6C3-2.12(11)(k) is not applied, we find that the university was entitled to summarily proceed against Wallace. Wallace's admitted drug possession of a significant amount of cocaine constitutes conduct which endangers the health and safety of other university students[3] and other members of the academic community. See Williams v. Spencer, 622 F.2d 1200 (4th Cir.1980). Under the circumstances, the university was warranted in taking this summary action and removing Wallace from the premises of the institution. See Black Students of North Fort Myers Jr.-Sr. High School v. Williams, 470 F.2d 957, 958 (5th Cir.1972). The university, with reasonable diligence, offered appellant a hearing according him the full panoply of his due process rights. Dixon v. Alabama Board of Education, 294 F.2d 150, 158 through 159 (5th Cir.1961), cert. den. 368 U.S. 930, 82 S.Ct. 368, 7 L.Ed.2d 193 (1961).
However, under Rule 6C3-2.12(11)(k), the university was only authorized to dismiss Wallace, not expel him. In its brief, the university acknowledges that expulsion was improper. Thus under the powers granted to us under Section 120.68(13)(a), Florida Statutes (1981), we modify the final order to provide that appellant stands dismissed from the university, rather than expelled.
The order is affirmed as modified.
BOOTH and ZEHMER, JJ., concur.
NOTES
[1] The street value of the cocaine was allegedly $50,000.00.
[2] Rule 6C3-2.12(11)(k) provides as follows:

The University may summarily dismiss any student, pending a hearing, who is convicted of a criminal offense of a kind which interferes with the educational or orderly operation of the University, or a kind of which, if the student were allowed to remain enrolled, would endanger the health, safety, or property of the members of the academic community.
[3] Although appellant's conduct occurred off the campus of Florida A & M University, he was allegedly arrested in possession of the drugs, on another college campus in the area.