450 So.2d 1238 (1984)
Barbara and Karl COHEN, On Behalf of Minor Child, Paul COHEN, Appellants,
v.
The SCHOOL BOARD OF DADE COUNTY, FLORIDA, Appellee.
No. 83-1993.
District Court of Appeal of Florida, Third District.
June 5, 1984.
*1239 Barbara J. Cohen, in pro. per.
Frank A. Howard, Jr. and Madelyn P. Schere, Miami, for appellee.
Before HUBBART, BASKIN and JORGENSON, JJ.
BASKIN, Judge.
The issue in this appeal involves a determination of the extent of certain reimbursable expenses allowed by federal statutes providing appropriate free special educational and related services for the handicapped.
An administrative order entered on September 15, 1982, required the Dade County School Board to pay for the education of appellants' son, Paul, at Anneewakee Treatment Center's Georgia campus [Anneewakee]. Paul's severe psychiatric and emotional disorders fell within the authority of the Education of the Handicapped Act [Act] of 1975, 84 Stat. 175, as amended, 20 U.S.C. § 1400 et seq. (1976 & Supp. V 1981). The order directed the School Board to fund Paul's placement in the Anneewakee residential program, including the cost of "special education" and "related services" defined in 34 C.F.R. § 300.13 (1981). Medical and psychiatric treatment services provided on an ongoing basis were not included. One of the related services to be provided was "parent counseling."[1] In December, 1982, Paul's Individualized Education Program [IEP] was developed.[2]
An IEP establishes a handicapped child's educational goals. Paul's IEP provides for transportation and parent counseling as related services and delineates certain annual goals, including that "Paul will develop satisfactory inter-personal relationships with adults and peers in the home, school & community," and, as a short term instructional objective, that Paul will "(i)mprove relationships with parents and siblings through open communications and personal interaction with family members."
The Cohens requested reimbursement from the School Board for several therapeutic visits with Paul occurring between October, 1982 and April, 1983; these expenses included airfare for Paul, for his parents, and for Paul's two siblings, as well as hotel, food and car expenses for the entire family. The School Board agreed to pay the expenses for only three of the round trips made by Paul between Florida and Georgia. The Cohens then requested an administrative hearing to determine the extent of the School Board's obligation. The Cohens asserted that the School Board's financial responsibility for travel and transportation expenses was mandated by the September, 1982 administrative order, which specified that funding should cover all related services, including transportation and parent counseling. In addition, the Cohens claimed that monthly therapeutic visits with Paul are necessary to implement the goals of his treatment program. The School Board contended that by paying for three round trips for Paul, it *1240 fulfilled its obligation to provide "transportation as a service related to the exceptional education of the student, in accordance with the student's current IEP ... and the contract between The School Board of Dade County, Florida, and Anneewakee." Agreeing with the School Board, the hearing officer concluded:
Petitioners state the issue of whether they are entitled to reimbursement for more than three of Paul Cohen's round trips from Anneewakee to south Florida between September 15, 1982, and June 30, 1983, as one of "clarification" of the final order entered in Case No. 81-2927-E. "Clarification" or any other reconsideration of that order is unwarranted, but the evidence in this proceeding revealed a change of circumstances subsequent not only to entry of the final order in Case No. 81-2927-E, but also to the ensuing IEP conference. Even at the time of the IEP conference, the parties were apparently unaware that Paul Cohen would be permitted by Anneewakee staff to make more than three trips home. The evidence will support the inference, indeed, that the Anneewakee staff determination had not then been made. In short, petitioners' request for clarification as it relates to more than three trips home for Paul Cohen presents a new issue not raised or addressed in Case No. 81-2927-E, and not ripe for disposition at that time. Especially in light of the fact that Dr. and Mrs. Cohen are unrepresented by counsel[*] it is appropriate to reach the merits of this question and to disregard petitioners' characterization of the issue as previously decided and requiring clarification, when the facts show otherwise.
PAUL COHEN'S TRIPS HOME
Paul's placement at Annewakee must now be taken as a given. Case No. 81-2927-E. Florida has "no set regulations, as to an absolute minimum number of trips home when a child is placed in a residential facility." Petitioners' Exhibit No. 12. He is to receive "specially designed instruction" at this residential facility, and he is also entitled to transportation at public expense in order to receive education there. He is not entitled, however, to additional trips home at public expense for therapeutic purposes. The school board's obligation is to educate him, notwithstanding his severe emotional disturbance, not to spend moneys intended for the education of other students in order to provide primary treatment for the handicap itself. As stated in In re:, Current EHLR 504:148 (1982): p. 12.
A distinction must be made in this case between a related service, pursuant to Reg. 300.13, Federal Regulations for the Education of All Handicapped Children Act, and a primary treatment for a handicap ("personality change"). A school must proceed upon the assumption that its mission is not that of providing primary treatments for handicaps, whether surgery, bed rest, psychotherapy or other treatments, but rather its mission is to provide an education for children with existing handicaps, employing those `developmental, corrective and other supportive services as are required to assist a handicapped child to benefit from special education.' Reg. 300.13, Federal Regulations for the Education of All Handicapped Children Act.
In the present case, the IEP states various ambitious objectives, including that Paul "develop satisfactory interpersonal relationships ... in the home." Like transportation, this objective is ancillary to the primary goal of educating Paul Cohen. An improved family situation is not an end in itself, and the School Board is not required to foot the bill for family gatherings. The "reintegration" of the Cohen family is greatly to be hoped, but the School Board has other claims on its resources.
OTHER ISSUES
At the time the final order was entered in Case No. 81-2927-E, Dr. and Mrs. *1241 Cohen had already begun traveling to Annewakee for parent counseling. In the event the Cohens give up their periodic trips for therapy in favor of telephone conferences about Paul Cohen's progress or some like change of circumstances occurs, institution of separate due process hearing procedures might be appropriate. But, as for the present case, the final order in Case No. 81-2927-E, which does not provide reimbursement for such trips is dispositive. Similarly, the question of costs in the earlier litigation must now be deemed conclusively resolved. As for costs in the present litigation, the rule is that none are awarded even to prevailing parties; and petitioners have not prevailed, in any event.
It is accordingly,
ORDERED:
That neither Paul Cohen's IEP nor the contract between respondent and Annewakee be modified in any way.
[*] Mrs. Cohen is a first-year law student.
Our review of the record discloses that the hearing officer's findings of fact are supported by substantial, competent evidence. See Butler v. Carter, 123 So.2d 313 (Fla. 1960); Bureau of Crimes Compensation v. Reynolds, 443 So.2d 501 (Fla. 3d DCA 1984); Austin v. Gordon, 333 So.2d 118 (Fla. 2d DCA 1976). It is axiomatic that where substantial competent evidence supports the findings and conclusions of the administrative agency and the record discloses neither an abuse of discretion nor a violation of law by the agency, this court should not overturn the agency's determination. See Home Health Services of the U.S. v. Schweiker, 683 F.2d 353 (11th Cir.1982); Butler; Hayes v. Brown, 91 So.2d 795 (Fla. 1957); Charlotte County v. Fiske, 350 So.2d 578 (Fla. 2d DCA 1977).
In the present case, the hearing officer found that by paying for three round trips per year for the handicapped student, the School Board adequately met its obligation to provide funding for transportation as a service related to Paul Cohen's special education. The "free, appropriate education" provided under the Act does not require the states to satisfy all the particular needs of each handicapped child. See Hendrick Hudson Dist. Bd. of Ed. v. Rowley, 458 U.S. 176, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982). As the court stated in Rowley:
[T]he intent of the Act was ... to open the door of public education to handicapped children on appropriate terms [rather] than to guarantee any particular level of education once inside.
... .
[T]o require ... the furnishing of every special service necessary to maximize each handicapped child's potential is, we think, further than Congress intended to go.
458 U.S. at 192, 199, 102 S.Ct. at 3043, 3047. The hearing officer therefore neither abused his discretion nor violated any law in determining that the Cohens are not entitled to public funding for any additional trips.
As a general principle, the construction of a statute or regulation by the administrative agency charged with its enforcement and interpretation is entitled to great weight and persuasive force, and the courts will not depart from that interpretation unless it is clearly erroneous. See United States v. Seaboard Coast Line R.R., 368 F. Supp. 1079 (M.D.Fla. 1973); Daniel v. Florida State Turnpike Authority, 213 So.2d 585 (Fla. 1968); Bureau of Crimes Compensation v. Reynolds. We find that the hearing officer's ruling comports with the applicable statutes and regulations guiding the public funding of education for handicapped children. See, e.g., 20 U.S.C. § 1400, et seq.; 34 C.F.R. § 300, et seq.; Rowley.
Appellants' remaining points lack merit.
Affirmed.
NOTES
[1] Among related services defined in 34 C.F.R., § 300.13 are:

(6) "Parent counseling and training" means assisting parents in understanding the special needs of their child and providing parents with information about child development.
. . . .
(8) "Psychological services" include: ... (v) Planning and managing a program of psychological services, including psychological counseling for children and parents.
[2] The IEP consists of a written document containing:

(A) a statement of the present levels of educational performance of such child, (B) a statement of annual goals, including short-term instructional objectives, (C) a statement of the specific educational services to be provided to such child, and the extent to which such child will be able to participate in regular educational programs, (D) the projected date for initiation and anticipated duration of such services, and (E) appropriate objective criteria and evaluation procedures and schedules for determining, on at least an annual basis, whether instructional objectives are being achieved.
20 U.S.C. § 1401(19) (1981).