BASKIN, Judge
(dissenting).
I decline to join in the majority’s approval of the Division’s arbitrary refusal to allow Guiseppi Pizzeria to sell wine with its pizza. Guiseppi Pizzeria could not obtain a liquor license in Florida because its owner had committed a crime which constitutes a felony in New York, but not in Florida. Section 561.15(2), Florida Statutes (1981), authorizes the denial of a license under these circumstances. However, even though New York subsequently removed its automatic bar to the issuance of a liquor license, thereby enabling New York authorities to exercise discretion to grant a liquor license, Florida’s Division of Alcoholic Beverages and Tobacco rejected the Florida Hearing Officer’s findings * and denied the requested license.
I dissent because the Division reached its, conclusion in the absence of a factual basis for denying the liquor license. In addition, the Division failed to engage in a reasoned exercise of discretion and issued an automatic denial. As a result, the decision is arbitrary and, in my opinion, constitutes an abuse of discretion, see Butler v. Carter, 123 So.2d 313 (Fla.1960); Cohen v. School Board of Dade County, 450 So.2d 1238 (Fla. 3d DCA 1984). The high standards applicable to admission to the practice of law, relied upon by the majority, are inap-posite to the requirements for obtaining a license permitting a restaurant to serve wine with its pizza.
For these reasons, I would reverse the final order and remand for issuance of a liquor license.

 The Hearing Officer found:
7. In light of the fact that the offenses of which Mr. Porto was charged, while felonies, nonetheless were not crimes involving violence or moral turpitude and in light of the fact that the State of New York has chosen to issue a certificate of relief followed by the issuance of a liquor license, it would appear there is scant reason to deny Mr. Porto a license in Florida.