ON MOTION TO DISMISS

W. SHARP, Judge.
Bryant petitions for judicial review of the Sheriffs Office’s revocation of his special process server appointment, because of alleged misconduct. The Sheriff moved to dismiss for lack of jurisdiction. We grant the motion.
The district courts of appeal have jurisdiction to review by way of plenary appeal, final “agency action”. § 120.68(2), Fla.Stat. (1993); Fla.R.App.P. 9.030(b)(1)(C). The applicable definition of “agency” in this context is:
Each other unit of government in the state, including counties and municipalities, to the extent they are expressly made subject to this act by general or special law or existing judicial decisions.
§ 120.52(1)(c), Fla.Stat. (1993).
There is to our knowledge no general or special law or judicial decision making the Orange County Sheriffs Office subject to the Administrative Procedure Act. Chapter 30, which specifically pertains to sheriffs, does not place the sheriff and that office under the Administrative Procedure Act. Nor does the special law pertaining to the Orange County Sheriffs Office, Chapter 89-507 bring that office under the APA. Nor have any judicial opinions so held. In fact, Thomas v. Office of the Sheriff, 507 So.2d 145 (Fla. 1st DCA 1987) indicates appellate jurisdiction lies, if anywhere, in the circuit court. Thus, we grant the Sheriffs motion to dismiss this case for lack of jurisdiction. See Sweetwater Utility Corp. v. Hillsborough County, 314 So.2d 194 (Fla. 2d DCA 1975).
Motion to Dismiss GRANTED.
DAUKSCH and GOSHORN, JJ., concur.