704 So.2d 720 (1998)
Brian Dean ABRAMSON, Appellant,
v.
FLORIDA INTERNATIONAL UNIVERSITY, Appellee.
Nos. 96-2857, 96-1324.
District Court of Appeal of Florida, Third District.
January 7, 1998.
Brian Dean Abramson, in pro. per.
Gunster, Yoakley, Valdez-Fauli & Stewart and Michael P. Peterson, Miami, Gregory L. Shelton, Decatur, AL, for appellee.
Before SCHWARTZ, C.J., and SHEVIN and SORONDO, JJ.
PER CURIAM.
In these consolidated appeals, Brian Abramson seeks reversal of Florida International University Judicial Appeals Committee decisions upholding rulings that he engaged in disruptive conduct and furnished false and misleading information to a university official, as charged. We reverse the order as to the false information charge. The record does not contain substantial, competent evidence to support the finding that Abramson intentionally gave false information to the official. As to the disruptive conduct charge, we affirm finding that substantial, competent evidence supports the ruling that Abramson violated the student conduct code by participating in setting fire to model ships in student housing. See Armesto v. Weidner, 615 So.2d 707 (Fla. 3d DCA 1992), cause dismissed, 624 So.2d 264 (Fla.1993), and cert. denied, 511 U.S. 1090, 114 S.Ct. 1849, 128 L.Ed.2d 474 (1994); Cohen v. School Board of Dade County, 450 So.2d 1238 (Fla. 3d DCA 1984). Abramson's arguments as to due process violations are without merit as the record demonstrates that this proceeding was "essentially fair." Student Alpha Id. *721 No. Guja v. School Board of Volusia County, 616 So.2d 1011, 1012 (Fla. 5th DCA 1993); Gordon v. Savage, 383 So.2d 646 (Fla. 5th DCA 1980). Accordingly, we affirm the order appealed in case no. 96-1324, and reverse the order in case no. 96-2857.