706 So.2d 111 (1998)
Erica HARDISON,
v.
FLORIDA AGRICULTURAL AND MECHANICAL UNIVERSITY, Appellee.
No. 97-2688.
District Court of Appeal of Florida, First District.
February 23, 1998.
Gary L. Printy, Tallahassee, for Appellant.
Bishop C. Holifield, General Counsel, Avery D. McKnight, Associate General Counsel, Florida Agricultural and Mechanical University, Tallahassee, for Appellee.
PER CURIAM.
This is an appeal from a final order imposing disciplinary sanctions on appellant, Erica Hardison, for three charged violations of Florida Agricultural and Mechanical University's Student Code of Conduct. We affirm *112 the violations as they relate to the offenses of affray and disorderly conduct, in that they are supported by competent, substantial evidence, but reverse as to the violation charging assault and battery, and remand the case to appellee with directions.
Erica Hardison and Mary Ann Aluko were students at the University and roommates until they were directed to move to different rooms. Aluko testified that when she went to their former room to obtain a table, an argument ensued between her and Hardison; that Hardison began cursing her and then grabbed Aluko's arm, whereupon Aluko hit Hardison. A friend of Hardison's ran up and tried to stop the fight, but the two continued on until Hardison ran outside to the office.
Hardison testified to the contrary that Aluko called her upstairs and began cursing and yelling at her; and that Aluko pushed her in the face, leading Hardison to back away, saying, "Please do not touch me." Aluko continued cursing and attempted to push Hardison again, whereupon Hardison grabbed Aluko's hand, but Aluko scratched her face with her other hand and continued to push her. As they moved into the hall, Hardison again grabbed Aluko, until her friend ran upstairs and broke up the fight. Hardison ran outside to the office with Aluko in pursuit, still cursing her.
At the conclusion of the hearing, the University hearing panel issued a recommended order finding that Hardison had committed the three alleged violations, and made the following applicable findings:
8. Mary Ann Aluko admitted that she slapped Erica Hardison.
9. Erica Hardison admitted that she grabbed Mary Ann Aluko's arm.
10. That after hearing the testimonies in this case, Erica Hardison is guilty of Affray, Assault and Battery, and Disorderly Conduct.
The University adopted and incorporated the recommended order and imposed penalties on Hardison for each violation.
We conclude that the University's final order in regard to the offense of assault and battery is invalid. That offense is defined in Florida Administrative Code Rule 6C3-2.012(10)(b) as "the unlawful and intentional application of force to the person of another." Yet the panel made no finding of fact that Hardison's conduct was unlawful, which is essential in light of the fact that Hardison testified that she had grabbed Aluko's arm in self-defense, a defense recognized as a lawful application of force.[1] Aluko testified that Hardison initiated the physical aggression; Hardison, on the other hand, swore that Aluko was the aggressor. Hardison specifically claimed that the only reason she grabbed Aluko two different times was to prevent Aluko from striking her and pushing her towards the stairs. Although the panel found in findings of fact numbered 8 and 9 that each woman admitted intentional application of force against the other, these findings do not resolve Hardison's claim of selfdefense.
The University contends that finding of fact number 10, finding Hardison guilty of assault and battery, constituted a sufficient finding that Hardison's grabbing was unlawful. We cannot agree. Nothing in this or any other of its findings discloses that the panel considered and made a determination whether Hardison's grabbing was unlawful, rather than done in self-defense.
We therefore reverse the violation for assault and battery and remand the cause with directions to the University to vacate such violation and to strike the penalties imposed thereon. We affirm the remaining two violations.
AFFIRMED in part, REVERSED in part, and REMANDED.
ERVIN, BENTON and PADOVANO, JJ., concur.
NOTES
[1] Section 776.012, Florida Statutes (1995), provides: "A person is justified in the use of force, except deadly force, against another when and to the extent that he reasonable believes that such conduct is necessary to defend himself or another against such other's imminent use of unlawful force."