794 So.2d 655 (2001)
Van MORFIT, Appellant,
v.
UNIVERSITY OF SOUTH FLORIDA, Appellee.
No. 2D00-1113.
District Court of Appeal of Florida, Second District.
June 27, 2001.
Rehearing Denied September 7, 2001.
Joseph J. Registrato, Tampa, for Appellant.
Debra A. King, Tampa, for Appellee.
DAVIS, Judge.
Van Morfit, a graduate student at the University of South Florida, appeals the school's decision to suspend him from classes at the school. He argues that the school did not follow its own rules and failed to afford him due process. We agree and reverse.
Morfit was a graduate student in the anthropology program. He also was working as a research assistant for the USF College of Public Health in a project at the Veterans Administration Hospital. When subjects in the research project made allegations regarding Morfit's misconduct during his work on the project, Anthony J. Joiner, the university's associate dean of student judicial services, sent a letter to Morfit detailing the allegations and imposing an immediate suspension from the school. Morfit was advised that he could request an emergency administrative hearing and that he could appeal the decision of the hearing officer to the vice president for student life and wellness. Finally, Morfit was advised that he was "trespassed" from the campus during the suspension. Morfit hired an attorney and requested a hearing.
At the January 25, 2000, hearing, Dean Joiner served as the hearing officer. The basis of the charge against Morfit was a report filed by a security officer who had interviewed one alleged victim. No witnesses were called. Morfit moved to dismiss the charge for lack of evidence and on other procedural grounds. Dean Joiner denied the motion. Although Morfit denied any wrongdoing, Dean Joiner found that Morfit had violated the Student Code of Conduct based on the charges brought against him. He suspended Morfit *656 through the end of the 2000 spring semester.
Morfit timely appealed Dean Joiner's decision to Dr. Wilma Henry, associate vice president for student life and wellness. Dr. Henry wrote Morfit on March 8, 2000, to advise him that she had reviewed the proceedings and concluded that Morfit had been afforded due process. She upheld Dean Joiner's decision. Morfit then filed this appeal.
Section 120.68, Florida Statutes (2000), provides that a party who is adversely affected by final agency action is entitled to judicial review. The finality of an agency action depends on whether it has brought the administrative adjudicative process to a close. Hill v. Div. of Ret., 687 So.2d 1376 (Fla. 1st DCA 1997). There is no question here that the letter from Dean Henry was final agency action under that standard.
Pursuant to section 120.81(1)(g), Florida Statutes (2000), educational units follow a different procedure than other agencies. In any proceeding in which the substantial interests of a student are determined by the state university system or a community college district, sections 120.569 and 120.57 (the general due process provisions of the Administrative Procedure Act) do not apply. Rather, the Board of Regents is directed to establish a committee that will establish rules and guidelines ensuring fairness and due process in judicial proceedings involving students in the state university system. To that end, section 6C4-6.0021 of the Florida Administrative Code, the Student Code of Conduct, was adopted.
Subsection 6 of the code describes the student judicial process and proceedings, and subsection 7(b) delineates the student's due process rights. Specifically, section 7(b)5 gives the student the right to question witnesses: "The student may hear and question adverse witnesses, except in cases of violent misconduct where the student may submit questions to the hearing officer for use in questioning adverse witnesses." Although Morfit claims several other violations of his due process rights, the violation of this right is sufficient to require reversal of the dean's decision.
The complaining witnesses were never called. In fact, the only statements from the alleged victims were contained in the investigation report written by an officer who talked with them. Morfit was entitled to have the witnesses make their statements directly to the hearing officer, and he was entitled to question them. This is a fundamental ingredient of due process in any judicial or quasi-judicial proceeding. It is recognized that in school suspension cases, a relaxed due process standard is followed. See Gorman v. Univ. of Rhode Island, 837 F.2d 7 (1st Cir.1988). However, the school's own code guaranteed Morfit this right. We must conclude that the school denied Morfit his right to due process, and, therefore, this decision must be reversed. Not only did the initial hearing deny him his due process rights, but the appeals determination, finding as it did that he had been afforded due process, was also in error. Accordingly, we reverse Morfit's suspension with directions that the school afford Morfit a new hearing in compliance with the Student Code of Conduct.
PARKER, A.C.J., and CASANUEVA, J., concur.