GERSTEN, C.J.
Wilson Colorado (“Colorado”) appeals his expulsion from Florida International *373 University (“FIU”) due to academic misconduct. We affirm.
On appeal, Colorado contends that there was no competent substantial evidence of academic misconduct and that FIU violated his due process rights in his student disciplinary proceedings. FIU asserts that Colorado’s expulsion was based on competent substantial evidence and did not violate Colorado’s due process rights. We agree with FIU.
As a FIU engineering major, Colorado enrolled in a required engineering class. Colorado had unsuccessfully tried to pass this class three times. On his fourth attempt, Colorado sat for an open-book, open-note, and open-homework mid-term examination.
A proctor, following the professor’s detailed instructions, administered the midterm examination. After signing an attendance sheet, the proctor handed each student an examination. The proctor then recorded the expected time for each student to turn in the examination on the corner of the examination paper. Later, the proctor recorded the actual time the student turned in the examination in the same manner.
After the examination was finished, the proctor gathered the papers and reported to the professor. Eighteen students signed in, but only seventeen completed examinations were returned. The professor discovered that Colorado’s examination was missing.
Despite the missing examination, the professor partially graded all examinations. The next day, he placed the partially graded examination papers in a manila envelope in his office. Later that night, the professor returned to an unlocked office and discovered Colorado’s examination amidst the pile of partially graded papers. Colorado’s examination had an expected return time marked on the corner, but it did not contain the actual time Colorado returned the examination.
The professor did not confront Colorado immediately about the incident. Instead, he purposefully left part of Colorado’s examination ungraded, hoping Colorado would want to discuss the examination. Colorado, however, never came to discuss the mid-term examination.
On the eve of the final examination, one of the professor’s colleagues found Colorado wandering outside the professor’s office at midnight. Still suspicious, the professor had the final examination videotaped. The videotape showed another student passing a note to Colorado.
After the final examination, the professor had an initial meeting with Colorado, where the professor and the department chair advised Colorado of the alleged misconduct. A few months later, the professor filed a formal complaint of academic misconduct against Colorado, which Colorado denied. Colorado requested the University Academic Conduct Review Board (“the Board”) hear his case.
The Board notified Colorado of the scheduled hearing, and advised Colorado of his right to have an advisor present, and to challenge the impartiality of any of the Board members. Colorado did not make any challenges. After the hearing, the Board unanimously found Colorado had engaged in academic misconduct and recommended the most severe sanction— expulsion. FIU accepted the Board’s recommendations and expelled Colorado. Colorado appealed.
Based on the facts of this case, we find there was substantial competent evidence to support a finding of academic misconduct and expulsion. We also find that FIU did not violate Colorado’s due process rights and that FIU followed ap *374 propriate procedures in this student disciplinary action. See Matar v. Fla. Int’l Univ., 944 So.2d 1153 (Fla. 3d DCA 2006); see also Abramson v. Fla. Int’l Univ., 704 So.2d 720 (Fla. 3d DCA 1998).
Accordingly, we affirm FIU’s decision to expel Colorado for his academic misconduct.
. Affirmed.