982 So.2d 55 (2008)
ALPHA ETA CHAPTER OF PI KAPPA ALPHA FRATERNITY, Appellant,
v.
UNIVERSITY OF FLORIDA, Appellee.
No. 1D07-2596.
District Court of Appeal of Florida, First District.
April 14, 2008.
Rehearing Denied May 21, 2008.
Allen C. Winsor of GrayRobinson PA, Tallahassee, for Appellant.
Barbara Wingo, General Counsel, Amy M. Hass, Assistant General Counsel, and Sonya Rudenstine, Attorney for the University, University of Florida, Gainesville, for Appellee.
WEBSTER, J.
The Alpha Eta Chapter of Pi Kappa Alpha fraternity seeks review of final agency action in the form of a letter from the Assistant Vice President of the University of Florida's Division of Student Affairs upholding the decision of the Dean of Students (1) accepting findings of fact made by the Greek Judicial Board, (2) concluding that the fraternity had violated University of Florida Regulations 6C1-4.016(h) and (r) (failure to comply with the University's alcoholic beverages policy and actions committed with disregard of the possible harm to an individual or group), and (3) suspending the fraternity from the University and forfeiting recognition by the Interfraternity Council through the end of spring 2011. We have jurisdiction. Art. V, § 4(b)(2), Fla. Const. (providing that "[d]istrict courts of appeal shall have the power of direct review of administrative action, as prescribed by general law"); § 120.68(1) & (2)(a), Fla. Stat. (2007) (providing that "[a] party . . . adversely affected *56 by final agency action is entitled to judicial review . . . in the appellate district where the agency maintains its headquarters or where a party resides"). Because the findings of fact made by the Greek Judicial Board and upon which the Dean of Students and the Assistant Vice President of the Division of Student Affairs based their decisions were not supported by any competent evidence, we reverse and remand with directions that the University reinstate the fraternity.
It is unnecessary to recite in detail the evidence presented at the formal hearing held before the Greek Judicial Board. Suffice it to say that all of the evidence offered in support of the charges consisted of inadmissible hearsay. The fraternity objected each time such evidence was offered. Each objection was overruled. In its appeal to the Assistant Vice President of the Division of Student Affairs of the Dean of Students' decision, the fraternity argued that the decision and consequent sanctions could not stand because all of the evidence presented consisted of hearsay. This argument was rejected without comment. Following rejection by the Assistant Vice President of the Division of Student Affairs of the fraternity's appeal, the fraternity sought review in this court pursuant to section 120.68, Florida Statutes (2007).
In its rules, the University has expressly provided that, at formal hearings such as that held before the Greek Judicial Board, the respondent "shall be accorded the right to . . . [q]uestion adverse witnesses." Fla. Admin. Code R. 6C1-4.016(5)(b)2b. The fraternity argues that it was denied this right because all of the evidence presented consisted of inadmissible hearsay, in the form of either videotaped interviews or testimony provided by two investigating police officers who summarized the results of their investigations, including statements purportedly made by individuals who had been present at the party from which the charges allegedly arose. We agree.
The pertinent facts of this case are substantively indistinguishable from those in Morfit v. University of South Florida, 794 So.2d 655 (Fla. 2d DCA 2001). In that case, a student who had been suspended from classes following a formal hearing appealed, complaining that the university had denied him his right, set forth in the Student Code of Conduct, to question adverse witnesses because the complaining witnesses were never called to testify. In reversing the suspension, the court said:
The complaining witnesses were never called. In fact, the only statements from the alleged victims were contained in the investigation report written by an officer who talked with them. Morfit was entitled to have the witnesses make their statements directly to the hearing officer, and he was entitled to question them. This is a fundamental ingredient of due process in any judicial or quasi-judicial proceeding. It is recognized that in school suspension cases, a relaxed due process standard is followed. . . . However, the school's own code guaranteed Morfit this right.
Id. at 656 (citation omitted). We agree with the Second District's conclusion that denial by a public university of a right accorded by its own conduct code to question adverse witnesses requires reversal in a case such as this.
In this case, without the improperly admitted hearsay evidence, there was no evidence presented that might support the Greek Judicial Board's findings, a point which the fraternity argued forcefully, albeit unsuccessfully, in its appeal to the Assistant Vice President of the Division of Student Affairs. Accordingly, we must reverse. See § 120.68(7)(b), Fla. Stat. (2007) *57 (requiring reversal when agency action depends upon findings of fact "not supported by competent, substantial evidence in the record"); Pasco County Sch. Bd. v. Fla. Pub. Employees Relations Comm'n, 353 So.2d 108, 120 (Fla. 1st DCA 1977) (agency action must be set aside if based exclusively upon inadmissible hearsay evidence). Moreover, because the fraternity correctly argued below that the evidence presented by the University was insufficient as a matter of law to sustain any of the charges, on remand we direct the University to reinstate the fraternity.
REVERSED and REMANDED, with directions.
ALLEN and KAHN, JJ., concur.