995 So.2d 1145 (2008)
Paul HEIKEN, Appellant,
v.
UNIVERSITY OF CENTRAL FLORIDA, Appellee.
No. 5D07-2435.
District Court of Appeal of Florida, Fifth District.
December 5, 2008.
Jean M. Henne, Winter Haven, for Appellant.
Youndy C. Cook, Orlando, for Appellee.
PER CURIAM.
In this student discipline case, Appellant asserts that his due process rights were violated because Appellee used an unsworn police report as evidence against him. We affirm.
We first address Appellant's contention that Appellee violated its own rules thereby violating due process. In support of this argument, Appellant primarily relies on Morfit v. University of South Florida, 794 So.2d 655 (Fla. 2d DCA 2001). We think Morfit is distinguishable based on the difference in the language of the respective rules.
In Morfit, a university student was accused of misconduct during his work as a research assistant. Based on the accusations, an associate dean wrote Morfit, detailing the allegations and imposing an immediate suspension. Morfit requested an immediate hearing. At the hearing, the *1146 basis of the charge was a report filed by a security officer who had interviewed one alleged victim. No witnesses were called. Morfit denied wrongdoing and moved to dismiss the charge for lack of evidence and other procedural grounds. The hearing officer denied the motion and found Morfit in violation of the student conduct code. The Second District reversed, holding that the university had violated Morfit's due process rights, as set forth in its own conduct code. The university's student conduct code provided that the "student may hear and question adverse witnesses...." Id. at 656. The Second District noted that the complaining witnesses were never called and the only statements from the alleged victims were contained in an investigation report written by an officer who talked with them. Based on the specific language in the conduct code, the Second District held that Morfit was entitled to have the witnesses make their statements directly to the hearing officer, and he was entitled to question them.
Here, the language in Appellee's student conduct code is less broad. It provides that the "student may hear and question adverse witnesses who testify at the hearing." (Emphasis added). We interpret this phrase to permit cross-examination only of those witnesses who are actually called at the hearing. Unlike the situation in Morfit, therefore, Appellee did not violate its rule by using the report.
We next address Appellant's argument that his disciplinary hearing violated due process because Appellee relied upon hearsay evidence. We reject this contention. Appellant was confronted with the police report and offered an opportunity to rebut the charges before the hearing panel. Appellant denied the charges generally but refused to answer specific questions, instead, standing on his privilege against self incrimination. Appellant made no attempt to call witnesses or present other evidence in defense of the allegations. We think Appellant was afforded due process in this context despite the use of hearsay evidence. See Abramson v. Fla. Int'l Univ., 704 So.2d 720, 720 (Fla. 3d DCA 1998) (finding student's due process violation argument without merit as record demonstrated proceeding was "essentially fair"); Student Alpha Id No. Guja v. Sch. Bd. of Volusia County, 616 So.2d 1011, 1012 (Fla. 5th DCA 1993) (stating due process in student disciplinary proceedings requires "adequate notice, an opportunity to be heard, and substantial evidence to support the penalty"); see also Henson v. Honor Comm. of Univ. of Va., 719 F.2d 69, 73 (4th Cir.1983) (rejecting law student's argument that disciplinary procedure denied him due process by not having hearing subject to traditional rules of evidence); Boykins v. Fairfield Bd. of Educ., 492 F.2d 697, 701-02 (5th Cir.1974) (stating rights at stake in school disciplinary hearing fairly determined upon hearsay evidence of school administrators charged with investigating incidents and rejecting analogy of school discipline to parole revocation or termination of welfare benefits); Wagner ex rel. Wagner-Garay v. Fort Wayne Cmty. Schs., 255 F.Supp.2d 915, 918 (N.D.Ind.2003) (holding due process does not require laymen conducting expulsion hearing to abide by federal rules of evidence).
We find no merit in Appellant's remaining arguments.
AFFIRMED.
SAWAYA, MONACO and TORPY, JJ., concur.