PADOVANO, J.
Daniel Decker, a student at the University of West Florida, seeks judicial review of an administrative order imposing disciplinary sanctions against him for a violation of the university’s Academic Misconduct Code. We conclude that the order is not appealable to this court, because the university was not acting as an agency as defined in the Florida Administrative Procedure Act when it rendered the decision. The proper remedy is to seek review by certiorari to the circuit court. Because the notice of appeal was timely and otherwise sufficient to invoke appellate jurisdiction, we transfer the case to the Circuit Court for Escambia County.
A hearing panel assigned by the university found Mr. Decker guilty of cheating and suspended him as a student for two semesters. He appealed the decision to the provost, but the appeal was unsuccessful. On August 2, 2011, the provost wrote to Mr. Decker, explaining the reasons for upholding the decision by the hearing panel. Subsequently, on August 19, 2011, counsel for the university wrote to Mr. Decker, informing him that the provost’s decision was final and advising him that he had a right to seek judicial review by filing a petition for writ of certiorari in the circuit court. Mr. Decker appealed to this court in the apparent belief that the decision by the university amounted to final agency action under the Administrative Procedure Act. The notice of appeal was filed on September 19, 2011.
*573 The university moved to dismiss the appeal on the ground that the notice of appeal was untimely. This argument would be well taken if we were to measure the time from the date of the first letter on August 2, 2011, but we are of the view that the second letter dated August 19, 2011, is the one that qualifies as a final administrative order. We base this conclusion on the language of the two letters. When measured from the date of the second letter, the notice of appeal filed on September 19, 2011, a Monday, was timely and therefore effective to invoke appellate jurisdiction.
The university also argued in the motion to dismiss that this court is not the appropriate forum for judicial review. This argument can be summarized in the form of a syllogism. The jurisdiction of the district courts of appeal to hear appeals from administrative orders is limited to decisions by administrative bodies that qualify as “agencies” under the Florida Administrative Procedure Act. The university was not acting as an “agency” with respect to the decision at issue because it was acting under a power created by the Florida Constitution and not by general law. Therefore, the order is not reviewable by appeal to a district court of appeal.
A decision is reviewable by appeal to a district court of appeal under the general provisions of the Administrative Procedure Act only if the person or entity rendering the decision falls within the statutory definition of an agency. See § 120.68(1), Fla. Stat.; Eckert v. Board of Com’rs of North Broward Hosp. Dist., 720 So.2d 1151 (Fla. 4th DCA 1998); Bryant v. Beary, 665 So.2d 385 (Fla. 5th DCA 1996). The Act limits the definition of an agency to persons or entities “acting pursuant to powers other than those derived from the constitution.” § 120.52(1), Fla. Stat. The significance of this limitation is clear: when an officer or agency is exercising power derived from the constitution, the resulting decision is not one that is made by an agency as defined in the Administrative Procedure Act.
The action taken in this case plainly falls within the scope of the power vested in the university by Article IX, section 7 of the Florida Constitution. Section 7(d) provides that the state board of governors shall “operate, regulate, control and be fully responsible for the management of the whole university system,” and section 7(c) states that each university within the system shall be operated by a board of trustees under powers granted by the board of governors. See Graham v. Haridopolos, 75 So.3d 315 (Fla. 1st DCA 2011); NAACP, Inc. v. Florida Bd. of Regents, 876 So.2d 636 (Fla. 1st DCA 2004). The order in question dealt with a matter arising in the course of the operation and management of the university. Hence, the order does not qualify as agency action as defined in the Administrative Procedure Act and it is not appealable to this court.
We recognize that there are a number of cases in which university disciplinary decisions have been reviewed by appeal to a district court of appeal. However, these decisions either predate the adoption of Article IX, Section 7, in November 2002, see Hardison v. Florida A & M University, 706 So.2d 111 (Fla. 1st DCA 1998); Wallace v. Florida A & M University, 433 So.2d 600 (Fla. 1st DCA 1983); Morfit v. University of South Florida, 794 So.2d 655 (Fla. 2d DCA 2001); Abramson v. Florida Int'l University, 704 So.2d 720 (Fla. 3d DCA 1998), or rely on precedents predating Article IX, Section 7, see Matar v. Florida Int'l University, 944 So.2d 1153 (Fla. 3d DCA 2006); Heiken v. University of Cent. Florida, 995 So.2d 1145 (Fla. 5th DCA 2008). Therefore, we do not consider these decisions to be persuasive on the issue presented here.
*574 In the absence of a general law establishing a right to appeal, the order in this case is reviewable by certiorari. Rule 9.190(b)(3) of the Florida Rules of Appellate Procedure provides that “[rjeview of quasi-judicial decisions of any administrative body, agency, board, or commission not subject to the Administrative Procedure Act shall be commenced by filing a petition for certiorari in accordance with rule 9.100(b) and (c) unless review is provided by general law.” See Smull v. Town of Jupiter, 854 So.2d 780 (Fla. 4th DCA 2003). In this circumstance, appellate review is a matter of right, as it would be in the case of a plenary appeal. See Broward County v. G.B.V. Int’l, Ltd., 787 So.2d 838 (Fla.2001); City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982).
We know from these authorities that certiorari is the proper remedy. However, the power to issue a writ of certiorari exists in the circuit courts as well as in the district courts of appeal. See Fla. Const. Art. V, § 5(b); Art. V, § 4(b)(3). That leaves us to identify the proper appellate forum for filing the petition. In analogous situations, the Florida courts have held that the petition should be filed in the circuit court. For instance, a final administrative decision by a local administrative body is initially reviewable by certiorari to the circuit court. See Haines City Community Development v. Heggs, 658 So.2d 523 (Fla.1995). The courts follow the same procedure when a state agency makes a decision that is statutorily excluded from the definition of an agency action. An administrative decision setting a parole release date, for example, is subject to judicial review in the circuit court, even though the parole commission otherwise qualifies as an agency under the Administrative Procedure Act. See Sheley v. Florida Parole Com’n, 720 So.2d 216 (Fla.1998). Based on these decisions, we conclude that the petition for writ of cer-tiorari must be filed in the circuit court.
Rule 9.040(c) of the Florida Rules of Appellate Procedure provides that “[i]f a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought,” and rule 9.040(b)(1) states that “[i]f a proceeding is commenced in an inappropriate court, that court shall transfer the cause to an appropriate court.” Applying these two rules, we treat the notice of appeal which was timely filed with the agency clerk, as a petition for writ of certiorari in the circuit court having territorial jurisdiction over the university. See Johnson v. Citizens State Bank, 537 So.2d 96 (Fla.1989). In this case, the proper forum is the circuit court for Escambia County.
In summary, we conclude that the notice of appeal was timely and therefore effective to initiate appellate review but that the order in question is not reviewable by appeal to this court. We treat the notice as a petition for writ of certiorari and transfer the case to the circuit court.
LEWIS and WETHERELL, JJ., concur.