# Third District Court of Appeal

## State of Florida

Opinion filed October 28, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2010

_____

**Keith Wromas, Jr.,**
Petitioner,

vs.

**Julie L. Jones, Secretary of the Department of Corrections, et al.,**
Respondents.


A Case of Original Jurisdiction – Mandamus.

Keith Wromas, Jr., in proper person.

Pamela Jo Bondi, Attorney General, and Sean W. Gellis, Assistant Attorney General, for respondent Julie L. Jones, Secretary of the Department of Corrections.


Before LAGOA, EMAS, and FERNANDEZ, JJ.

LAGOA, J.

Keith Wromas, Jr. ("Wromas") seeks a writ of mandamus from this Court compelling the Department of Corrections (the "Department") to overturn a

disciplinary report and related proceeding stemming from his incarceration at Desoto Annex in Arcadia, Florida. The Department moves this Court to transfer venue to Leon County Circuit Court or in the alternative to dismiss the action.

Because Wromas's petition challenges prison disciplinary action, venue properly lies in Leon County, where the Department of Corrections is headquartered. See McNeil v. Bailey, 50 So. 3d 109 (Fla. 1st DCA 2010): McNeil v. Davis, 46 So. 3d 1136 (Fla. 1st DCA 2010). Wromas's request for relief, if any, must therefore be directed to the Second Judicial Circuit Court of Leon County.

Pursuant to Florida Rule of Appellate Procedure 9.040(b)(1),"[i]f a proceeding is commenced in an inappropriate court, that court shall transfer the cause to an appropriate court." "The use of the word 'shall' under rule 9.040(b) demonstrates that transfer of an improperly filed cause is mandatory, not discretionary." See Kaweblum v. Thornhill Estates Homeowners Ass'n, 755 So. 2d 85, 87 (Fla. 2000); see also Decker v. Univ. of W. Fla., 85 So. 3d 571 (Fla. 1st DCA 2012). We therefore transfer Wromas's petition for writ of mandamus to the Second Judicial Circuit Court of Leon County

Petition for writ of mandamus transferred.