# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2022-1139
_____

NINJA ACADEMY, INC. d/b/a
CHAMPIONS UNITE,

      Appellant,

      v.

FLORIDA DEPARTMENT OF
AGRICULTURE AND CONSUMER
SERVICES, DIVISION OF FOOD,
NUTRITION, AND WELLNESS,

      Appellee.

_____

On appeal from the Florida Department of Agriculture and
Consumer Services.
Bram D.E. Canter, Hearing Officer.

August 6, 2025

ON APPELLANT'S MOTION FOR REHEARING

PER CURIAM.

We grant in part Appellant's Motion for Rehearing, withdraw
our previous opinion, filed on February 26, 2025, and substitute
the following in its place.

Ninja Academy, Inc., appeals a final determination of an
agency hearing officer from the Florida Department of Agriculture
and Consumer Services ("the Department"), who denied and

disallowed over $10 million in reimbursement claims submitted by Ninja Academy under the federal Summer Food Service Program ("SFSP") and terminated its participation in the SFSP for seven years. Because we lack jurisdiction to review the hearing officer's order by appeal and for reasons discussed more fully below, we treat the notice as a petition for writ of certiorari and transfer the case to the circuit court. *See* Fla. R. App. P. 9.040(b)(1).

The Florida Constitution grants district courts of appeal "the power of direct review of administrative action, as prescribed by general law." Art. V, § 4(b)(2), Fla. Const. In most appeals involving state administrative actions, the general law conferring review authority on this court is chapter 120, Florida Statutes, the Florida Administrative Procedure Act. But this is not one of those cases. This case involves a dispute over the reimbursement of SFSP funds in a federal food program that prescribes its own elaborate appeals scheme, which is mirrored by a companion regime in Florida's statute and rule. *See* 7 CFR 225.13; § 595.404(11), Fla. Stat.; 5P-1.002, Fla. Admin. Code.

Specifically, federal regulations require participating state agencies to "establish a procedure to be followed by an applicant appealing . . . a denial of a sponsor's claim for reimbursement." 7 C.F.R. § 225.13(a). The federal rule sets out minimum appellate procedures required to be adopted by participating states, including a hearing before a state review official. *Id.* at (b)(5)–(12). "The determination by the State review official is the final administrative determination to be afforded to the appellant." *Id.* at (b)(12). Federal regulations do not provide for judicial review of this final administrative determination beyond the action of the hearing official. But they do give the Secretary of the United States Department of Agriculture "authority to determine the amount of, to settle, and to adjust any claim arising under the Program, and to compromise or deny such claim or any part thereof." 7 C.F.R. § 225.18(h).

Following from this federal regulatory regime, the Florida Legislature required the Department "[t]o adopt and implement an appeal process by rule, as required by federal regulations." § 595.404(11), Fla. Stat. The Department, in turn, promulgated an SFSP-related appeals process providing, like the federal

regulation, that "[t]he determination made by the department's hearing official is the final administrative determination to be afforded to the Appellant." 5P-1.002(15), Fla. Admin. Code. But the Department's rule did not stop there. Rather, it purported to allow any party adversely affected by the hearing official's determination to seek judicial review in the district court of appeal, which is what Ninja Academy did here. *Id.* at (16).

There is a problem, however, with the judicial appeal option announced in the Department's rule. For a district court of appeal to have jurisdiction over a direct appeal of an administrative action, there must be a statute providing for its jurisdiction. District court jurisdiction is only constitutionally available insofar as it "is prescribed by general law." Art. V, § 4(b)(2), Fla. Const. An agency rule is not general law. Thus, the Department cannot vest jurisdiction in this court via SFSP Rule 5P-1.002(16). Nor can the parties themselves "confer jurisdiction on the court that it does not have by agreement or acquiescence." *Shannon v. Cheney Bros. Inc.*, 157 So. 3d 397, 399 (Fla. 1st DCA 2015).

The governing Florida statute, section 595.404(11), also fails to confer jurisdiction on this court. It merely permits the Department "[t]o adopt and implement an appeal process by rule, *as required by* federal regulations." (emphasis added). The federal regulations say nothing of requiring judicial review of decisions made by the agency hearing officer. Rather, these regulations fix final authority over disputed claims within a federal agency, the United States Department of Agriculture. 7 C.F.R. § 225.18(h); *see also NAECIS Outreach v. Vilsak*, 2014 WL 6810781, *n.2 (S.D. Ohio 2014) ("Federal regulations make clear that the ultimate authority to determine or adjust any claim arising under the Program lies with the Secretary of the USDA."); *Mahoning-Youngstown Cmty. Action P'ship v. Ohio State Dept. of Educ.*, No. 11AP-582, 2011 WL 6170559, at *2, Dec. 13, 2011 (Ohio Ct. App. 2011) (citing 7 C.F.R. § 225.18(h) and noting "ultimate authority" over SFSP claims rests within a federal agency).

Lacking appellate jurisdiction, Ninja Academy asks this court to treat and hear its appeal as a petition for writ of certiorari. Certiorari is an appropriate remedy to review a quasi-judicial action of an administrative agency if another avenue is

3

unavailable. Fla. R. App. P. 9.190(b)(3) (providing for "[r]eview of quasi-judicial decisions of any administrative body, agency, board, or commission not subject to the Administrative Procedure Act [by] certiorari . . . unless review is provided by general law"); Fla. R. App. P. 9.040(c) ("If a party seeks an improper remedy, the cause must be treated as if the proper remedy had been sought."). The problem with a district court handling such a petition is that its writ authority is tied to aiding in the exercise of its appellate jurisdiction. Because the First District has no statutory authority to review the final action on Ninja Academy's claim, there isn't corresponding writ authority to grant relief. Art. V, § 4(b)(3), Fla. Const. (authorizing a district court to issue writs of certiorari, among others, that are "necessary to the complete exercise of its jurisdiction"); *see also Scholastic Sys., Inc. v. LeLoup*, 307 So. 2d 166, 169 (Fla. 1974) (noting that in an appellate court "[c]ommon law certiorari . . . is not a matter of right").

But certiorari jurisdiction is different for circuit courts. *Compare* Art. V, § 4(b)(3), Fla. Const. (authorizing a district court to issue writs of certiorari, among others, that are "necessary to the complete exercise of its jurisdiction"), *with* Art. V, § 5, Fla. Const. (identifying the circuit court as one possessing "original jurisdiction" and authorizing it to issue writs of certiorari and other writs *plus* "all writs necessary or proper to the complete exercise of their jurisdiction"). And in the administrative context, a line of cases recognizes the availability of certiorari review as a matter of right in circuit court when no other method of judicial review is provided—also known as "first-tier" certiorari review and "akin in many respects to a plenary appeal." *Fla. Power & Light Co. v. City of Dania*, 761 So. 2d 1089, 1092 (Fla. 2000); *LeLoup*, 307 So. 2d at 169 (citing article I, § 21 of the Florida Constitution and recognizing that "[a] party is afforded his 'day in court' with respect to administrative decisions when he has a right to a hearing and has the right of an appeal to a judicial tribunal of the action of an administrative body"); *see also Haines City Cmty. Dev. v. Heggs*, 658 So. 2d 523, 530 (Fla. 1995) (noting that circuit court review of administrative decisions by common-law certiorari "is not truly discretionary . . . because the review is of right"); *De Groot v. Sheffield*, 95 So. 2d 912 (Fla. 1957) (providing a right to review of quasi-judicial agency orders when no other method of review is provided); *cf. City of Deerfield Beach v. Vaillant*, 419 So. 2d 624,

626 (Fla. 1982) (distinguishing between second-tier discretionary certiorari review in district court from "full review of administrative action [] given in the circuit court as a matter of right").

The upshot here is that there is not a statutorily authorized pathway for Ninja Academy to obtain first-tier review of the hearing officer's order in the district court. But Ninja Academy is not totally foreclosed from state judicial review of the quasi-judicial decision. Ninja Academy may pursue certiorari review in the circuit court.

*             *             *

Accordingly, because we lack jurisdiction to review the hearing officer's final determination, we treat the notice of appeal as a petition for writ of certiorari and transfer the case to the Circuit Court of the Second Judicial Circuit, in and for Leon County. Fla. R. App. P. 9.040(b)(1); *cf. Decker v. Univ. of W. Fla.*, 85 So. 3d 571, 574 (Fla. 1st DCA 2012) (treating a notice of appeal as a petition for writ of certiorari and transferring to circuit court). The transfer of this case should not be construed as an adjudication or comment upon the merits of any venue-related arguments asserted by the parties in circuit court.

OSTERHAUS, C.J., and RAY and TANENBAUM, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

George T. Levesque and D. Ty Jackson of GrayRobinson, P.A., Tallahassee, for Appellant.

Daniel E. Nordby and Elise M. Engle of Shutts & Bowen LLP, Tallahassee, and Lateefah Muhammad, Magdalena Anna Ozarowski, and Darby G. Shaw of Florida Department of

5

Agriculture and Consumer Services, Office of General Counsel, Tallahassee, for Appellee.