SAWAYA, J.
The issue we must resolve is whether a student, Brian Morris, was entitled to proper notice and a hearing before he was expelled from Florida A & M University College of Law (FAMU) for alleged fraudulent misconduct. Based on the facts and circumstances of this particular case, we believe that Morris was entitled to proper notice and a hearing. Accordingly, we reverse the order of expulsion and remand for further proceedings consistent with this opinion.
An unusual set of circumstances led to Morris receiving two acceptance letters from FAMU. Morris was first offered admission to the LEAP program during the summer of 2007. LEAP was a summer skills program for students who fell below full admission standards, and Morris’s admission to the law school was contingent *168 on his successful participation in LEAP. After Morris registered for LEAP, he received notice that he was fully admitted to FAMU in a letter dated June 8, 2007. The letter of full admission was on FAMU College of Law letterhead and was signed by an Interim Dean of FAMU. This letter of admission did not mention LEAP; instead the conditions to Morris’s entry into the class were “a $200.00 non-refundable enrollment deposit due by June 22, 2007,” proof of a baccalaureate degree from an accredited college by the start of the fall 2007 semester, and attendance at orientation. Nevertheless, Morris decided to participate in LEAP, which began on June 12, 2007. Morris did not do well in this program, performing below FAMU’s standards, and was notified that he was being removed from LEAP in a letter that did not mention his full admission to the fall class.
Other than the letter dated June 8th, there are no records supporting Morris’s admission to FAMU. Morris admits that he did not attend orientation in August 2007, and FAMU asserts that he never paid his $200 deposit. Despite the fact that he may not have paid his deposit, the lack of records of his admission, his absence at orientation, and flunking out of LEAP, Morris was allowed to enroll in the law school and FAMU treated him as a fully admitted student. He paid tuition by taking out student loans through the school. FAMU assigned him a student identification number and placed Morris in the fall 2007 evening section. During the fall semester, Morris took Contracts I, Civil Procedure I, and Legal Methods I, earning a grade point average of 2.667. Ironically, the professor who formally removed Morris from the LEAP program may have taught Morris during the school year, because that professor’s evening section 1C of Legal Methods is included in the record under the heading “Mr. Morris’s Fall 2007 Student Schedule.” During the spring semester 2008, Morris was enrolled in Contracts II, Civil Procedure II, and Legal Methods II.
That spring, following an unrelated grade tampering incident, FAMU’s Division of Audit and Compliance investigated the law school’s admissions office. It specifically investigated the admission of Morris and another student. In the middle of the second semester of school, during the month of February 2008, FAMU faculty and administrators had two meetings with Morris. After these two meetings, FAMU ended its investigation without offering Morris a formal hearing. The conclusion was that Morris’s admission should be revoked and Morris expelled due to “fabricated admission and registration records” and Morris’s failure to successfully complete the LEAP program. This conclusion was based in part on the confession of an assistant director of admission, who was apparently close friends with Morris and his family. The assistant director admitted “during an interview with the Division of Audit and Compliance staff to fabricating admission documents and registration records in order for Mr. Morris to enter the College of Law.” He and another employee in FAMU’s admissions office also admitted that they entered “unauthorized admission information in the computer system” to allow Morris and the other student to be admitted to the college of law. Their actions resulted in FAMU sending to Morris the full admission letter dated June 8, 2007, and Morris’s ’ ability to enroll as a student. Morris was never given a chance to confront these two employees, who were subsequently terminated from employment.
In a letter to Morris dated March 13, 2008, FAMU removed him as a student:
*169 RE: Notice of Admission Revocation and Invalidation of Credits
Dear Mr. Morris:
It has been determined by the University’s Division of Audit & Compliance that your admission to the College of Law was based on fabricated admission and registration records. Additionally, on July 9, 2007, you were removed from the College of Law’s Legal Education Advancement Program (LEAP), which precluded you from admission to the College of Law. As a result, your admission is hereby revoked and all credits earned as a result of your fraudulent admission are hereby invalidated.
Several months later, FAMU entered a final order that mirrors this letter, expelling Morris as a student. Morris appeals that order, claiming that he was improperly expelled because he was not afforded proper notice and a hearing.
Under Florida’s Administrative Procedure Act (APA), a party adversely affected by a final agency action is entitled to judicial review. § 120.68(1), Fla. Stat. (2008). If an agency acts without first holding a hearing, and the validity of that action depends on disputed facts, the district court must reverse. § 120.68(7)(a), Fla. Stat. (2008); McIntyre v. Seminole County Sch. Bd., 779 So.2d 639, 641 (Fla. 5th DCA 2001).
FAMU is a state university under section 1000.21(6)(c), Florida Statutes (2008), and the courts recognize state universities as agencies subject to the provisions of the APA. See Matar v. Fla. Int’l Univ., 944 So.2d 1158 (Fla. 3d DCA 2006); Morfit v. Univ. of S. Fla., 794 So.2d 655 (Fla. 2d DCA 2001). Because FAMU is a state agency subject to the provisions of the APA, it was required to afford Morris a hearing before it expelled him as a student for fraudulent misconduct.
Morris was also entitled to proper notice of the hearing. Florida universities and colleges are required to adopt rules to ensure due process and fairness in student disciplinary matters. Matar, 944 So.2d at 1157 (citing Fla. Admin. Code. Ann. R. 6C-6.0105); Morfit, 794 So.2d at 656. The Florida Administrative Code states the procedural due process for university student discipline:
(6) Due process as applied by the universities must include, as a minimum, the following:
(a) The student shall be provided with written notice of the charges against him or her in sufficient detail and in sufficient time to prepare for a hearing before an appropriate committee, panel, or court, as established by each university, or before the appropriate university official or officials.
Fla. Admin. Code Ann. R. 6C-6.0105(6)(a).
We believe, as Morris correctly asserts, that FAMU denied him his statutory right to a hearing under section 120.68(7)(a), Florida Statutes, and his right to notice under section 6C-6.0105(6)(a), Florida Administrative Code. We also believe that the Final Order dismissing Morris for fraudulent admission, with the clear inference that he participated in the fraud, depends upon disputed facts of whether Morris knew of, or participated in, the fraudulent misconduct of the two FAMU employees. Morris also contends that in addition to never having the opportunity to confront the two admissions employees who allegedly fabricated the letter of full admission, he has never had an opportunity to review any records substantiating FAMU’s claim that fabricated admissions records were compiled as part of the scheme to admit him and that if anything was fabricated, he does not know who fabricated what and how.
*170 FAMU argues that pursuant to Board of Curators of University of Missouri v. Horowitz, 435 U.S. 78, 82, 98 S.Ct. 948, 55 L.Ed.2d 124 (1978), Morris was not entitled to notice and a hearing. Horowitz is easily distinguishable because in that case the dismissal was for purely academic reasons, whereas here, FAMU is clearly basing its dismissal of Morris on alleged fraudulent conduct. It is true that FAMU cites to Morris’s failure to successfully complete LEAP, but the fact remains that FAMU granted him admission as a student for the fall term, prior to his poor performance in that program. Moreover, Morris received satisfactory grades during his first semester. It appears that the primary reason for Morris’s expulsion is the alleged fraudulent misconduct rather than poor academic performance.
We also find unavailing FAMU’s argument that the two meetings it had with Morris satisfy the hearing requirement. When students are expelled from a state university for alleged fraudulent misconduct, they should be afforded a hearing after proper notice of the alleged misconduct. Here, there is nothing in the record showing that Morris received proper notice of the fraudulent allegations prior to the meetings. Moreover, the two meetings with Morris were apparently part of FAMU’s investigation of the incident as opposed to a proceeding where Morris was allowed to examine the records, question the admissions employees who participated in the fraud, and offer a proper defense to the allegations.
We conclude that Morris was entitled to proper notice and a hearing before he was expelled for alleged fraudulent misconduct regarding his admission to FAMU. Upon remand, Morris must be afforded that to which he is entitled. We express no opinion regarding what the outcome of that hearing should be.
REVERSED and REMANDED.
MONACO, C.J. and COHEN, J., concur.