NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


JASON M. RIVERA,                          )
                                          )
            Appellant,                    )
                                          )
v.                                        )        Case No. 2D15-39
                                          )
UNIVERSITY OF SOUTH FLORIDA               )
ST. PETERSBURG,                           )
                                          )
            Appellee.                     )
                                          )
_____ )

Opinion filed September 30, 2015.

Appeal from the University of South
Florida St. Petersburg, Enrollment and
Marketing Services.

Jason M. Rivera, pro se.

Thomas M. Gonzalez of Thompson,
Sizemore, Gonzalez & Hearing, P.A.,
Tampa, for Appellee.

PER CURIAM.

         Jason M. Rivera challenges the final determination by the University of

South Florida St. Petersburg (USF) revoking its earlier offer of readmission as a

student.  In response to this court's order on a procedural matter, USF raised the issue

of our jurisdiction.  We directed a response from Rivera but have not received one on

point.  We conclude that a determination as to the admission of a student made by a constituent university of the state university system is reviewable by certiorari in the appropriate circuit court because the university is acting pursuant to its authority under article IX, section 7(d), of the Florida Constitution and not as an agency under the Administrative Procedure Act (APA), chapter 120, Florida Statutes.

A state university is an "educational unit" and thus an "agency" under the APA when it "is acting pursuant to statutory authority derived from the [l]egislature."  § 120.52(1)(a), (6), Fla. Stat. (2014).  However, to the extent that a governmental entity otherwise defined as an APA agency is acting pursuant to its powers derived from the state constitution, the entity is not an "agency" for purposes of the APA.  Cf. § 120.52(1).  The university system's board of governors, charged with the "management of the whole university system" under article IX, section 7(d) has as one of its constitutional responsibilities the regulation of "admissions to the state universities."  See § 1001.705(2)(i), Fla. Stat. (2014).  As such, the appellate procedures described in section 120.68 of the APA do not apply.  Instead, USF's determination regarding Rivera's admission is reviewable by certiorari.  See Fla. R. App. P. 9.190(b)(3).  Furthermore, such review, available as a matter of right, is to be undertaken by the circuit court, not the district court of appeal.  See Decker v. Univ. of W. Fla., 85 So. 3d 571, 574 (Fla. 1st DCA 2012) (concluding that review of a disciplinary determination made by a state university is properly sought by certiorari petition in the circuit court); Couchman v. Univ. of Cent. Fla., 84 So. 3d 445, 449-50 (Fla. 5th DCA 2012) (same).

- 2 -

We therefore transfer this case to the Sixth Judicial Circuit in and for Pinellas County, Florida, for treatment as a petition for writ of certiorari. See Fla. R. App. P. 9.040(b)(1). The circuit court may accept Rivera's initial brief as his petition for writ of certiorari or strike it with directions to file a petition as the court deems appropriate.

MORRIS, SLEET, and SALARIO, JJ., Concur.